WASHINGTON WOOD *et al.*, Appellants, *v.* CHARLES G. SHAW *et al.*, Appellees.

### APPEAL FROM WABASH.

An insolvent person is not deprived of the right of selling his property, for the purpose of paying his debts.

THIS was a bill in chancery filed by appellees against appellants, in the Wabash Circuit Court, at the April term, 1860.

The bill alleges that complainant, on the 9th of April, 1857, recovered a judgment against defendants, in the White Circuit Court, for $1,324.50 and costs. That execution issued thereon to Wabash county, which was levied on the undivided six-seventh parts of south-east quarter Section 1, Township 1 north, Range 12 west, and six-sevenths of "north part of north-east quarter" of Section 12, Township 1 north, Range 12 west, in Wabash county, and known as the "Wood Farm." That Wood being largely indebted and in failing circumstances, for the purpose of hindering and defrauding his creditors, on the 23rd of March, 1857, fraudulently pretended to sell and convey said lands for the consideration of $2,900, to defendant Paine. That on August 24, 1857, said Wood, more effectually to defraud creditors, induced Paine, for the pretended consideration of $3,000, to convey said lands to defendant Stillwell. Charges that Paine never paid anything for said lands; that Paine knew Wood intended to hinder and defraud his creditors; that Stillwell, at the time of his purchase, knew that the conveyance from Wood to Paine was to defraud creditors; that Stillwell received the conveyance for the same purpose, and that he never paid $3,000 to Paine. Charges that conveyances from Wood to Paine, and from Paine to Stillwell, were fraudulent and void as to creditors. Prayer of bill, that lands be subject to payment of complainant's judgment.

Answer of Wood admits judgment as charged; also execution and levy. Admits he was largely in debt, but was making every effort to pay his debts. Denies that he tried

Wood *et al. v.* Shaw *et al.*

to hinder the collection of debts. Admits the sale to Paine for $2,900, which he received. Says judgment of complainant was obtained by confession on warrant of attorney; that the sale to Paine was before the warrant of attorney was executed, and sale was known to complainants at that time. Power of attorney was dated April 1, 1857. That on said day he gave to complainants, and to Keen & Preston, a mortgage on a house and lot in Timberville, valued at $500, and assigned to them a certificate of purchase for one hundred acres of land, valued at $800, and note and accounts, amounting to $1,100. That said property was placed in the hands of said parties to secure the payment of said judgments, and one in favor of Keen & Preston. Avers, if properly applied, said property was sufficient to pay the debts, and was so considered by the parties. Admits that Paine conveyed the land to Stillwell, but denies that respondent induced him to do so; denies that he induced Stillwell to purchase; denies that either of said conveyances was fraudulent. Says Paine paid him $2,900 for said lands, within one year from date of deed, at respondent's residence; that with part of said money he paid debts. Says he lived on the land, but does not claim it as his own.

Answers of Paine and Stillwell say they know nothing of allegations of bill except what relates to them personally. Paine says Wood conveyed to him, March 23, 1857, in consideration of $2,900, but denies all fraud; admits he conveyed to Stillwell, August 24, 1857, for $3,000, which was to be paid in six and twelve months, and which was paid. Stillwell admits conveyance by Paine to him, in consideration of $3,000, which he paid before it was due; denies all fraud, but avers he purchased in good faith; knows nothing of any other allegation in bill.

General replication filed.

Court decreed that conveyances were fraudulent and void, and that lands be sold to pay said judgment of complainants, etc., and decreed that defendants pay the costs.

Defendants below appealed.

E. AND C. A. BEECHER, for Appellants.

J. G. BOWMAN, for Appellees.

CATON, C. J. The only circumstance really entitled to consideration as tending to show a fraudulent intent on the part of Wood in his sale of the premises to Paine, is his declaration made to Paine at or about the time of the sale. That showed that he was embarrassed, and he stated if his property was sold on execution, it would bring but little, but if he sold it himself, he could pay all his debts. If this expressed his real purpose in selling the farm, it shows an honest and not a fraudulent intention. Surely the law does not deprive even an insolvent man of the right to sell his property to pay his debts. We see nothing in the circumstances of this case tending to show that this farm was sold for the fraudulent purpose of reserving it for the use of the grantor, or that he even designed to withhold the consideration money from his creditors. From aught that appears, he may have applied it all to the payment of his debts. The evidence is positive, that it was sold for its real value, and the whole of the consideration money was paid to Wood by Paine. The fact that after the sale from Paine to Stillwell, Wood resided upon the premises, is fully and most satisfactorily explained, if any explanation were necessary. He was in Stillwell's employ as his agent, not only for this, but several other farms in the vicinity, and carried them on for him, or leased them, and collected the rents, and this also explains why Stillwell referred Minor to Wood, when he applied for leave to cut a tree on this land. He would have done the same thing, had the application been for permission to cut a tree on any of the other farms.

Even if there were a question about the *bona fides* of the sale from Wood to Paine, there is nothing to show that Stillwell was cognizant of it, when he purchased; but we are well satisfied there was no fraud in the first sale.

The decree must be reversed, and the bill dismissed.

*Decree reversed.*