# CYRUS F. MILLER *et al.*

## *v.*

# RICHARD D. KIRBY.

1. TRESPASS — *title and possession necessary to maintain.* In trespass to personal property, the plaintiff must show that when the injury was committed he had an actual or constructive possession of the goods, and also a general or qualified title therein: but it is well settled that actual possession, though without the consent of the real owner, or even adverse to him, will be sufficient, as against a wrong-doer, or one who can show no better title.

2. If one gives a deed of trust upon goods to secure the payment of money, and it is provided therein that he shall have full right to carry on the business of the store in his own name, make sales and receive the proceeds, and have the management of the business, such party, being in the actual possession, can maintain trespass for the taking of any of the property, although the trustee also may have had a constructive possession for the purpose of seeing that the proceeds of the sales were applied on the debt.

3. FRAUDULENT CONVEYANCE — *sale on credit, etc.* In case of an absolute and unconditional sale of goods, the fact that the vendor was indebted at the time, that the sale was on a credit, and that the notes taken for the unpaid price were to be used in the payment of his debts, will not establish fraud in the sale as to creditors.

4. Same — *party indebted may sell.* A party, though in debt, may sell his property to whom he pleases, if no lien exists to prevent it, and if the transaction be an honest one, made in good faith, and for an adequate consideration, it matters not how many creditors may thereby be prevented from reaching the property.

5. Same —*purchaser must be guilty of fraud.* It is not sufficient to vitiate a sale of property that it was made by the vendor to hinder, delay or defraud his creditors, but the purchaser must also have participated in the fraudulent intent or purpose.

6. Instructions — *assuming facts.* If an instruction assumes the existence of facts not controverted on the trial, and which, under the circumstances, if assumed, could not prejudice, there will be no error.

7. Damages — *exemplary.* Vindictive or exemplary damages should not be awarded unless the injury complained of was done wantonly or willfully.

8. Same — *trespass for levying on strangers' property.* In trespass by the purchaser of goods, for levying upon and selling a part thereof, under an execution against his vendor, when there was no violence used, and no unusual noise or demonstration made, and the levy was a reasonable one, and it appeared that the contest of the fairness of the sale was not made in bad faith, it was *held* that exemplary damages could not be allowed.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of trespass, by Richard D. Kirby against Cyrus F. Miller, A. Swick, Henry Sears, E. B. Sears, and E. W. Beattie. The trespass was the levy of an execution issued upon a judgment in favor of the two Sears and Beattie, partners under the name of Henry Sears & Co., and against Charles G. French, a former owner of a part of the goods. Swick was the constable who made the levy, and Miller the attorney of Henry Sears & Co., who directed the levy. The material facts of the case appear in the opinion.

Messrs. Miller, Williamson & Miller, and Mr. F. Sackett, for the appellants.

Mr. G. A. Follansbee, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

About the 1st of June, 1873, Charles G. French, being engaged in the sale of jewelry, etc., in Chicago, sold his stock in trade to appellee for $7,500, for which appellee paid in cash, at the time, $1,500, and gave his twelve promissory notes for $500 each, payable, the first one month thereafter, and the others one for each consecutive month following, until the last note should become due, for the residue. To secure the payment of the notes he also executed, at the same time, a deed of trust to one Nichols. Appellee took possession of the stock, in conjunction with Nichols, the trustee, immediately after his purchase, and proceeded to sell the same as customers enabled him to do so, and also made some additional purchases to replenish and enlarge the stock.

On the 5th of July, 1873, the appellants, Henry Sears, Edmund B. Sears, and Edward W. Beattie, recovered a judgment before a justice of the peace of Cook county, against Charles G. French, for $76.00, and costs of suit taxed at $5.95. Execution was issued on this judgment on the 11th of July, 1873, and placed in the hands of appellant Swick, a constable, to execute. He, in company with appellant Miller, an attorney at law, acting for the plaintiffs in the execution, thereupon went to the place of business of appellee, and levied the execution upon certain watches and "watch movements," which were included in the sale by French to appellee, and also upon one watch which had been left with appellee for repairs, and one watch which belonged to Nichols, for both of which, however, appellee seems to have been under obligation to, and did, account to their respective owners.

The action is *trespass de bonis asportatis*, and the appellants justify under the judgment and execution.

The jury, by their verdict, found the appellants guilty and assessed appellee's damages at $514.44. The court thereupon gave notice that he would grant a new trial unless appellee would remit all but $200 of the amount found by the ver-

dict, which being done, judgment was then given for that amount.

Several errors have been assigned, which we will notice, in the order of their precedence on the record.

It is objected that appellee does not show sufficient possession, or right to possession, to enable him to maintain the action ; that the possession is shown to have been in Nichols, under the deed of trust, and he alone, if any one, can bring trespass, under the proof.

The general doctrine is well settled, as claimed by counsel for appellants, that the plaintiff, in such cases, must show that, at the time when the injury was committed, he had an actual or constructive possession of the property, and also a general or qualified title therein ; but it is equally well settled that actual possession, though without the consent, or even adverse to the real owner, will be sufficient as against a wrong-doer, or one who can show no better title.

Assuming the sale by French to appellee to have been valid, the question raised upon which we shall pass for the present, appellee, after executing the deed of trust, still retained an equitable interest in the property, which it was important to him should be protected. That he might do so, it is expressly provided in the deed : " It is understood and agreed by and between said parties, that said Kirby (appellee) is to have, during the time said Nichols shall be trustee as aforesaid, full right, power and authority to carry on the business of said store in his own name ; to have his signs out as such owner ; to sell the goods therein contained, and in said schedule mentioned ; to receive the proceeds of sales of said goods, and to have the management of said business in the same manner as a retail jewelry business is generally carried on." It surely cannot be insisted that this provision is inconsistent with the actual possession of the property by appellee. It is plainly impossible that it could be practically carried out without an actual possession. Whatever possession, then, it was designed Nichols should have, must have been simply constructive, the sole pur-

pose of his appointment, and the extent of the authority vested in him, being to see that appellee faithfully carried on his business and applied the proceeds of his sales to the payment of the notes. The evidence, moreover, shows that, in fact, Nichols never had the actual possession of the goods, but that it was always held by appellee.

We think the evidence ample, in this respect, to sustain the plaintiff's right of action.

The next question to which our attention is directed is, was the sale by French to appellee made in fraud of the rights of the creditors of French, and therefore, as to them, void under the statute for the prevention of frauds and perjuries ?

Appellants' counsel argue upon the assumed hypothesis that this was an assignment by French for the benefit of his creditors, and they cite authorities holding that where, in such an assignment, the trustee is authorized to sell upon a credit, the assignment will, in equity, be set aside at the instance of a dissatisfied creditor. But, as we understand the evidence, that is not this case, and these authorities, therefore, have no application.

French absolutely and unconditionally sold the property to appellee ; and although, in providing for the payment of the balance over the $1,500 paid down, he provided that it should be appropriated to the payment of his debts, this did not in any degree affect the validity or the regularity of the sale. The fact that French was indebted at the time of the sale, that it was on a credit, and that the notes were to be used in the payment of his debts, do not establish fraud. *Nelson* v. *Smith,* 28 Ill. 500. A party, though in debt, may sell his property to whom he pleases, if no lien exists to prevent it; and if the transaction be an honest one, made in good faith and for an adequate consideration, it matters not how many creditors may be thereby prevented from reaching the property. *Hessing* v. *McCloskey,* 37 Ill. 352.

In the light of these well-settled principles, we are unable to discover from the evidence any thing whereby the sale is

successfully impeached. It is not even shown that French, at the time of the sale, was unable to pay his debts; nor is it shown that there was any thing designedly done by appellee for the purpose of enabling him to defraud any creditor.

It is objected that in one of the instructions, given at the instance of appellee, the jury were told, although they should find the conveyance by French was had, made, or contrived with the intent or purpose to delay his creditors, yet before they could find for the defendants, they must also believe " that the plaintiff also contrived the conveyance with malice, fraud, covin, collusion or guile."

We see no objection to this. It is in accordance with the principles laid down in *Ewing* v. *Runkle*, 20 Ill. 448, *Herkelrath et al.* v. *Stookey*, 63 id. 486, and *Hessing* v. *McCloskey*, *supra*.

Objection is also taken to the action of the court in giving the seventh and eighth instructions asked by appellee, and in refusing the second instruction asked by appellants.

The objection to the seventh and eighth instructions of appellee we conceive to be unimportant. The facts, the existence of which they assume, were not contested on the trial; and it is not possible that assuming their existence could, under the circumstances, have prejudiced appellants.

The same principle intended to be asserted in the appellants' second instruction, and which was refused, is declared in the fourth of their instructions, which was given; and it was entirely unnecessary to repeat it. The refusal to do so is, at least, no cause for reversal.

So far, we perceive no important error in the record. There remains, however, to be considered the question of damages. Notwithstanding the remittitur made at the instance of the court, the judgment still exceeds any actual damages proved. It is true, the question is for the jury to determine from the evidence whether there are such circumstances of aggravation as to justify vindictive damages; and where the evidence reasonably tends to sustain their finding in that respect, we

will not reverse for the mere difference of opinion we may entertain as to the weight of the evidence; but the jury are no more at liberty on this question than on any other to act without evidence, and when it is clear to our minds they have done so, we have no alternative but to set their finding aside.

The rule recognized by our previous decisions is, that vindictive or exemplary damages should not be awarded unless the injury complained of was done wantonly, or willfully. *Foote* v. *Nichols*, 28 Ill. 486; *Hawk et al.* v. *Ridgway*, 33 id. 475.

There is no evidence, not even that of appellee, that shows any thing to have been done by appellants which can be reasonably construed as wanton or willful. There was no violence, no unusual noise or unnecessary demonstration. The fact that more property was taken than was actually necessary to satisfy the execution was, under the circumstances, of no great significance. Appellee was requested to point out the property he had obtained from French, and to give the constable values. This he refused to do, as did also Nichols. Neither the constable nor the attorney with him was a jeweler, and the value of the property levied upon was, at the highest selling estimate fixed by any witness, not more than double the amount called for by the execution. By the estimate of some witnesses it was much less than that.

The fact that the constable proceeded with the levy, after appellee notified him the property was his, is not a conclusive circumstance as to his knowledge that the property belonged to appellee. Appellants contested, and we cannot say in bad faith, the validity of appellee's title ; and this was one mode by which it could be tested.

For the reasons last stated the judgment is reversed and the cause remanded.

*Judgment reversed*