HENRY FRANCIS

*v.*

JAMES RANKIN *et al.*

DEBTOR—*may secure creditor, though it delays others.* A debtor may secure a creditor, where it is done in good faith, notwithstanding the ultimate effect may be delay to other creditors.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART & PHELPS, for the appellant.

Mr. JOHN J. GLENN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The property in controversy was seized under writs of attachment against the goods of Henry Van Tuyl, who had left

the State, and this proceeding was instituted to try the right of property. Claimant was security for the absconding debtor for a considerable sum of money, and to save himself against loss on account of such suretyship, he took a chattel mortgage on the property, consisting chiefly of a lot of corn standing in the field. After Van Tuyl had left, he took possession of such articles of personal property embraced in the mortgage as he could find, and also such possession as was practicable of the corn then unharvested. While the property was so in the possession of claimant, it was seized by the creditors of Van Tuyl under writs of attachment.

Without discussing the merits of the case we think the judgment ought to be reversed, because of the refusal of the court to give the third instruction in the series asked on behalf of claimant. It states the principle, a debtor may secure a creditor, where it is done in good faith, notwithstanding the ultimate effect might be to delay other creditors. *Thornton* v. *Davenport*, 1 Scam. 296. No instruction given contained this principle, and as it was applicable to the facts of the case, as developed by the evidence, it ought to have been given. Perhaps all that was material in the other refused instructions was contained in those given, and, if so, it was not error to refuse to give them.

On account of the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*