## JEREMIAH HOLBROOK

### v.

## FIRST NATIONAL BANK.

1. FRAUDULENT SALE—DEFRAUDING CREDITORS.—A debtor even in failing circumstances has a right to sell his property to whom he pleases, if no liens exist to prevent it; and if the transaction be made in good faith and for an adequate consideration, it matters not how many creditors may be prevented from reaching the property.

2. PREFERENCE OF CREDITORS.—A debtor may sell h's property, if done honestly, with the intention of applying the proceeds to the payment of any d·bts he pleases, even if that should take all his means and leave a portion of his debts unpaid.

APPEAL from the Circuit Court of Bureau county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed February 24, 1882.

Messrs. GIBONS & STIPP, and Mr. M. KENDALL, for appellant; that a debtor may sell his property to whom he pleases, if no lien exists, and if the sale is made in good faith it matters not how many creditors are prevented from reaching the property, cited Hessing v. McCloskey, 37 Ill. 341; Miller v. Kirby, 74 Ill. 242.

A debtor may sell his property and pay creditors whom he prefers, even if this exhausts his whole estate: Waddams v. Humphrey, 22 Ill. 661; Wood v. Shaw, 29 Ill. 444; Miller v.

Kirby, 74 Ill. 242; Bowden v. Bowden, 75 Ill. 143; Francis v. Rankin, 84 Ill. 169.

Messrs. FARWELL & WARE for appellee; that a debtor has no right to place his property beyond the reach of his creditors, except by a general assignment, cited Nesbitt v. Digby, 13 Ill. 387; Phelps v. Curts, 80 Ill. 109.

Every sale made with intent to hinder or defraud creditors is void: Rev. Stat. 558, § 4.

Though the sale was in part payment of a debt, yet if it was designed to hinder creditors it is fraudulent: Merry v. Bostwick, 13 Ill. 398; Reed v. Noxon, 48 Ill. 323; Dunaway v. Robertson, 95 Ill. 419; Cower v. Alston, 93 Ill. 590; Welsh v. Werschem, 92 Ill. 115; Annis v. Bonar, 86 Ill. 128; Bowden v. Bowden, 75 Ill. 143.

The question of good faith is for the jury: Nimmo v. Kuykendall, 85 Ill. 476; Hessing v. McCloskey, 38 Ill. 341.

LACEY, J. The appellant was arrested upon a *ca. sa.* issued out of the circuit court upon the affidavit of B. S. Ferris, president of appellee, for the purpose of compelling satisfaction of a judgment in said court of the appellee against him. The latter made application under Sec. 5, Chap. 72 Rev. Stat. 1874, entitled insolvent debtors, to be discharged. The charges made in the affidavit upon which the appellant was arrested, were that the appellant had made fraudulent sales of his property with the intention to defraud his creditors since the debt was contracted, or the cause of action accrued, and that he unjustly refused to surrender his estate in satisfaction of the execution of appellees. The appellant was tried under these issues before the county court and found guilty, and upon appeal to the circuit court the same result followed. The main issue tried, and to which the evidence appears to have been entirely directed, was whether the appellant, in selling his farm, December, 1880, to Harman Gray, did so with the fraudulent intent to hinder and delay the appellee's judgment, and also whether some corn and personal property was sold with the same fraudulent intent.

While the sales are admitted by appellant, he contends that the land, as well as the personal property, were sold for a fair price, with the intention of applying the proceeds to the payment of his individual indebtedness, which did not include the payment of the appellees, that being a security debt, and one that he desired to postpone till all his other debts were paid. That after taking out his homestead exemption money and his other exemptions, and paying his individual indebtedness, there was no surplus to apply to the payment of appellee's claim; hence there was and could be no fraudulent intention in taking the sales complained of. Without undertaking to cite or comment on the evidence in the case we think it was such as to fairly present the issue, and to require of the court proper and explicit instructions. According to the evidence of appellant, his entire estate after the sale, was exhausted in paying his individual liabilities, and in the exemptions which by law he had a right to retain. The appellant assigns for error the action of the court below in giving the second, fifth and sixth instructions for appellee, and the refusing the second instruction for appellant, and modifying the appellant's fifth instruction. The sixth instruction given for appellee is as follows:

"Though a debtor, when involved, has the right to sell his property for the purpose of paying his debts, yet he has no right to sell it and put it beyond the reach of his creditors with a design to pay a part of his debts, or a particular class of his debts, and to hinder, delay and defeat the collection of other debts, nor with design to pay debts where he may be principal, and hinder, delay or defeat the collection of those upon which he is security; and if you believe from the evidence that the defendant sold off his property with design on his part to hinder, delay or defeat the collection of debts upon which he was security, you should find him guilty."

Number two, refused instruction is as follows:

"A failing debtor has a right to prefer one creditor over another, and the debtor has the further right to pay in full the creditors he prefers, though the ultimate effect may be to hinder or delay his other creditors and prevent the collection of

their claims, if the debtor acted in good faith and his design was not to defraud such last named creditors, but to pay in full his preferred creditors."

In the giving of the above instruction number six, and in refusing the one for appellant, number two, the court erred. A debtor even in failing circumstances has a right to sell his property to whom he pleases, if no liens exist to prevent it, and if the transaction be an honest one, made in good faith and for an adequate consideration, it matters not how many creditors may be prevented from reaching the property. Miller et al. v. Kerby, 74 Ill. 242; Hessing v. McCloskey, 37 Ill. 352; Gould et al. v. Stribling, 84 Ill. 169; Wadhams v. Humprey, 22 Ill. 661; Wood v. Shaw, 29 Ill. 444.

A debtor has a right to deal with his property if he does so honestly as freely as though he were not in debt. He has a perfect right to make a sale, if done honestly, with the intention to apply the proceeds to the payment of any debts he pleases, either individual or security, even if that should take all his means and leave a portion unpaid. If a debtor can foresee and intends such consequence in the meaning of the statute, he would not be chargeable with fraudulently intending to defraud such of his creditors who fail to receive any thing on their claims. If he honestly exhausts all his unexempted property in the payment of his debts, though some by such means are paid in full and some are not paid at all, he would be guilty of no fraud as to those not paid. In such action he only exercises a legal right. The evidence tends to show that at the time of the sale of the land and personal property, the condition of the appellant was such that in case all his individual debts were paid and his exemptions were retained, there could be nothing to apply on appellee's claim.

The appellant intended at the time of sale, that the proceeds should be thus applied. If this was the true state of affairs it is difficult to see how there could have been any intention to defraud the appellee in making the sale. All his property would be exhausted in carrying out a legitimate purpose, and there would be no surplus out of which appellee could be defrauded; and we think appellant's fifth instruction should have

been given without any modification. The second and fifth instruction given for appellee have the same fault as the sixth instructions above alluded to, and should have been modified or refused. They were unfair and calculated to mislead the jury.

There can be no fraudulent intent in law where there is no possibility of injury. T e court seems to have tried the case on the theory that the appellant could not pay one debt to the exclusion of another, and sell his property for that purpose without committing a fraud on the appellee. For these reasons the judgment is reversed, and the cause remanded.

Reversed and remanded.