# GEORGE W. ARMSTRONG
## v.
# CHARLES E. LEWIS.

*Fraudulent Sales—Replevin against Purchases from Vendee—Instructions.*

1. In order to render a sale fraudulent so that it can be avoided by the vendor, there must be a positive and pre-determined intention entertained by the purchaser and acted on by him at the time of the apparent sale never to pay for the goods.

2. In order that vendor may recover the goods, or their value, from a purchaser for value from his fraudulent vendee, such purchaser must have known of his vendor's fraudulent intent in purchasing the goods.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. MARK MEYERSTEIN, for appellant.

Mr. JAMES R. WARD, for appellee.

CONGER, P. J. This was an action of replevin, with a count in trover, for certain goods sold by one E. S. Bundy to

appellant. Bundy had bought them in St. Louis from appellee to carry on his business as an undertaker, and it was earnestly contended upon the trial that Bundy bought them with the fraudulent intent never to pay for them, and that when appellant bought them from Bundy in payment of a pre-existing debt, he had knowledge of such facts and circumstances as put him upon inquiry as to Bundy's title to the property. While we have carefully considered all the evidence, we shall express no opinion as to its weight upon these questions, for the reason that we think the law was not properly given to the jury in the instructions, and hence we think the cause should be tried by another jury.

The fourth instruction given for appellee, among other things, states: " That if the plaintiff (appellee) was the original owner of the property, and that one E. S. Bundy purchased the same from the plaintiff, and at the time did not intend to pay the plaintiff for said property, etc.," then the title would not pass.

The third is as follows: "The purchase of goods by one who at the time does not intend to pay for them, is such a fraud as will entitle the vendor to avoid the sale and recover the goods, although there were no fraudulent misrepresentations or false pretenses."

The vice of these instructions and others of similar import, is in holding that a mere negative or indifferent state of mind as respects payment, would make the sale fraudulent, which is not sufficient; but in order to render a sale fraudulent so that it can be avoided by the vendor, there must be a positive and predetermined intention entertained by the purchaser and acted upon by him at the time of going through the forms of an apparent sale, never to pay for the goods. According to the instructions given, if Bundy at the time of the purchase had formed no intentions in his mind upon the subject of payment, the sale could be avoided, which is clearly not the law. Catlin v. Warren, 16 Ill. App. 418, and authorities there cited. In Farwell v. Hanchett, 120 Ill. 573, the court quotes with approval from Benjamin on Sales, as follows: " It is settled in the American courts by a vast

weight of authority, that a purchase of goods by one who, at the time, *intends not to pay* for them, is such a fraud as will entitle the vendor to avoid the sale."

The fifth instruction is wrong in telling the jury that if appellant was a creditor of Bundy, that Bundy was in debt and unable to pay his creditors, and that appellant knew it, and took the property in payment of his claim on Bundy, intending to hinder and defraud his creditors thereby, then under such circumstances appellee could recover such property, or its value, from appellant.

This instruction, while it speaks in the beginning of Bundy buying the property with an intention of not paying for it, nowhere tells the jury that appellant must have known that fact, but relies solely on the theory of appellant's having knowledge of Bundy's indebtedness, his inability to pay his creditors and his intention to delay and defraud his creditors. The reverse of this doctrine has been so repeatedly laid down that we call attention to the case of Ewing v. Runkle, 20 Ill. 449; Gray v. St. John, 35 Ill. 222; Holbrook v. 1st Nat'l Bank, 10 Ill. App. 140, as sufficient, without citing others.

These were both vital questions in the case, and upon both of them the jury were erroneously instructed, for which reason the judgment of the Circuit Court will be reversed and the cause remanded.          *Reversed and remanded.*