Wallace v. Steagall.

|     |     |
| --- | --- |
| 52  | 471 |
| 61  | 607 |

## James H. Wallace v. James R. Steagall.

1. PARTNERSHIP—*Marshaling of Firm Assets.*—In the marshaling of assets composed of individual and partnership property, partnership creditors have prior right to have their debts satisfied, to the exclusion of individual creditors, out of partnership property, with a right to the surplus after satisfaction of individual debtors, of separate property. This right in the partnership creditor exists because of the right of the parties to so have the partnership property applied.

2. PARTNERSHIP—*Effect of the Firm Property Vesting in an Outside Party.*—When the partnership property vests in an outside party, the interest of the partners in it is thereby terminated, and with their interest terminates that of the firm creditors.

3. PARTNERSHIP—*Lien of the Partner on the Firm Property.*—The lien of the partner is not a limitation upon the *jus disponendi*, and therefore the partnership liens can not be asserted or enforced after its exercise. The right of the partnership to dispose of all the firm property rests exactly upon the same right that each member has, to dispose of his individual property.

4. PARTNERSHIP—*Power to Dispose of Firm Property.*—Partnership property can be sold by the firm to pay an individual debt of one of the partners, or it may be disposed of by sale to one member, in order that he may so sell or use it. Although sold to one partner, with agreement that the property should be applied to the payment of partnership debts, yet this would not prevent a sale to and vesting of good title, free from partnership lien, in one who purchased without notice.

5. PARTNERSHIP—*Insolvent—Right to Sell Firm Property.*—A partnership, though insolvent, may sell its property to whomsoever it desires, though thereby the individual creditor of one partner is preferred to the exclusion of partnership creditors.

6. Sales—*A Person in Good Faith Protected.*—A person who purchased, in good faith, the property of a partnership entirely *bona fide,* will be sustained in law.

Memorandum.—Replevin. In the Circuit Court of Pope County; the Hon. Oliver A. Harker, Judge, presiding. Declaration in replevin. Pleas (1) *Non cepit.* (2) *Non detinet.* (3) Property in defendant. (4) Property in stranger. (5) Plea of justification by sheriff under *fi. fa.* Trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

Appellant's Brief, Rose & Sloan, Attorneys.

Before partners can appropriate firm assets to pay an individual debt of one copartner there must be unanimous consent, otherwise such transaction is fraudulent as to firm creditors. 1 Bates on Partnership, par. 544, 559; 1 Lindley on Partnership, 2d Am. ed., par. 146, page 366; par. 316, page 727; notes to par. 146, pages 368 and 369; par. 172, page 417; Story on Part., 6th ed., par. 97, 94, 132, 133, note 2, page 238; Parsons on Part., 2d ed., pages 175, 183, 206, 212, 171, note 1; 176, 218, 219, 263, side page 185, also 192; Brewster v. Mott, 4 Scam. 378; Smith v. Andrews, 49 Ill. 28; Davis v. Blackwell, 5 Brad. 32; Buchanan v. Meisser, 105 Ill. 638; 1 Bates on Partnership, par. 435, also 184; 1 Parsons on Contracts.

Appellee's Brief, Thompson & Crow, Attorneys.

If the rights of partnership creditors were invaded, they can not assert their supposed rights in suit at law. They must resort to a court of equity. 2 Bates on Partnership, Sec. 1039; Church et al. v. National Bank, 87 Ill. 68, following leading case of Jones v. Yates, 9 Barnewall & Creswell, 532 (17 Eng. Com. Law 436), and Homer v. Wood, 11 Cush. 65; Hanchett v. Gardner, 37 Ill. App. 82; Rainey v. Nance, 54 Ill. 34; Halstead v. Shepard, 23 Ala. 558; 1 Story's Equity Juris. Sec. 675; Golden State and Miner's Iron Works v. Davidson, 73 Cal. 389.

The partner's lien is a right inhering in the partners themselves, and is personal to them. 1 Bates on Partnership, 540; Anderson's Law Dictionary, 752; Ladd v. Griswold, 4 Gilm. 25 (authorities); Hapgood v. Cornwell, 48 Ill. 64; McIntyre v. Yates, 104 Ill. 501; Singer v. Carpenter, 125 Ill. 119; Sigler v. Knox Co. Bank, 8 Ohio St. 516; Williamson v. Adams, 16 Brad. 564.

It may be parted with by sale outright, or by any act showing an intention to abandon the lien. Ladd v. Griswold, 4 Gilm. 36; Hapgood v. Cornwell, 48 Ill. 64; Williamson v. Adams, 18 Brad. 564; Goembel v. Arnett, 100 Ill. 42.

Partnership property may be taken by one member of the firm, by consent of the other members of the firm, and applied to the payment of his individual debts, although such consent and transfer would leave the firm and the individuals insolvent. Insolvency is not the test. Such a transaction would not be an infraction of any of the rights of partnership creditors, and this because the partners have parted with their right to have partnership property applied to payment of firm debts. Ladd v. Griswold et al., 4 Gil. 25; Hapgood v. Cornwell, 48 Ill. 64; Singer v. Carpenter, 125 Ill. 117; Allen v. Center Valley Co., 21 Conn. 130; Sigler v. Knox Co. Bank, 8 Ohio St. 516; Hanford v. Prouty, 133 Ill. 351; Williamson v. Adams, 16 Brad. 564; Hoffman v. Schoyer, 37 Ill. App. 461; Whitney v. Dean, 5 N. H. 249; Woodmansie v. Holcomb, 34 Kans. 35; Jones v. Lusk, 2 Met. (Ky.) 356; Shaeffer v. Fithian, 17 Ind. 463; National Bank of the Met. v. Sprague, 20 N. J. Eq. 13; McDonald v. Beach, 2 Blackf. 55; Schmidlapp v. Currie, 55 Miss. 597; Hanover Bank v. Klein, 64 Miss. 141; Marks v. Hill, 15 Gratt. (Va.) 400.

If the debt contracted by one of the partners be one of which the firm got the benefit and equitably should pay, a payment of it out of firm assets will be upheld. Bates on Part., Sec. 567; Givin v. Shelby, 5 Ohio St. 96; Walker v. Marine Nat'l Bank of Erie, 98 Pa. St. 574; Reeves, Stevens & Co. v. Ayers, *supra;* Miller v. Robinson Bank, 34 Ill. App. 469.

Fraud is never presumed, but must be clearly proved, and the burden of proving fraud is on him who alleges it. Hatch v. Jordan, 74 Ill. 414; Jewett & Root v. Cook, 81 Ill. 260; Pratt v. Pratt, 96 Ill. 184; Schroeder v. Walsh, 120 Ill. 403, and cases cited.

Vendors and vendees must both have participated in the fraud to invalidate the transaction; and *onus* is upon attacking parties. Hatch v. Jordan, *supra;* Gridley v. Bingham, 51 Ill. 153; Ewing v. Runkle, 20 Ill. 448; Myers v. Kinsey, 28 Ill. 36; Anderson v. Warner, 5 Brad. 416.

A purchaser from a partner, of joint assets, in taking such to pay an individual debt, is not bound to inform himself as to the authority of the partner to sell firm assets for the purpose. This is not the rule in Illinois. Hapgood v. Cornwell, 48 Ill. 64; Reeves v. Ayers, 38 Ill. 418; Goembel v. Arnett, 100 Ill. 34.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellant, as sheriff, levied several writs of attachment upon a stock of goods, of which the appellee at the time claimed to be the owner and in possession. He sustained his claim on a trial in replevin. The appellant insists the evidence does not sustain the judgment. The suits in attachment were against Steagall & Co., the individual members of which firm were Thomas Steagall, Wm. Truebger and I. M. King. The first named member had the principal interest and was the active manager; the others had a small interest and took no part in the management of the business. The appellee had owned a large interest in the stock, but sold out his interest to Thomas Steagall, his son, on time. The new firm became embarrassed and the entire stock was sold to appellee in payment of his debt and in consideration of certain debts by him assumed. He took possession, and in a few days thereafter the sheriff made the levies alluded to. The firm was insolvent at the time of the sale, which was made by Thomas Steagall in his own name, and, as claimed, by the consent of the other members of the firm.

The appellant claims : 1. That an insolvent firm can not sell its property or dispose of it to pay private debts of individuals of the firm. 2. That the consideration of the sale in part was fictitious. 3. That Thomas Steagall had no authority from the other members to make the sale. These points will be considered in their order.

In the marshaling of assets, composed of individual and partnership property, partnership creditors have prior right to have their debts satisfied, to the exclusion of individual creditors, out of partnership property, with a right to the surplus, after satisfaction of individual debtors, of separate property. Ladd v. Griswold, 4 Gilm. 25. This right in the partnership creditor exists because of the right of the partners to so have the partnership property applied. Singer, Ninnick & Co. v. Carpenter, 125 Ill. 117.

It necessarily, therefore, follows, when that right ceases to exist in the partner, it does also in the firm creditor. As is said in the Carpenter case, *supra*, when the partnership property vests in an outside party, the interest of the partners in it is thereby terminated, and with their interest terminates that of the firm creditors. The lien of the partner is not a limitation upon the *jus disponendi*, and therefore the partnership creditor's lien can not be asserted or enforced after its exercise. The right of the partnership to dispose of all the firm property rests exactly upon the same right that each member has, to dispose of his individual property. Hanford et al. v. Prouty et al., 133 Ill. 352. It can be sold by the firm to pay an individual debt of one of the partners or it may be disposed of by sale to one member in order that he may so sell or use it. Hapgood et al. v. Cornwell et al., 48 Ill. 64; Goembel et al. v. Arnett et al., 100 Ill. 34. Although sold to one partner with agreement that the property should be applied to the payment of partnership debts, yet this would not prevent a sale to and vesting of good title free from partnership lien in one who purchased without notice. Hapgood case, *supra;* Porter v. Merritt, 105 Ill. 299. The right of a firm to sell its property being as untrammeled as that of an individual to sell his separate

estate, it follows that as an individual may, though insolvent, sell his property to whomsoever he pleases, and thereby prefer creditors (Wood et al. v. Shaw et al., 29 Ill. 444, Bawden v. Bawden, 75 Ill. 143), so may a firm, though insolvent, sell its property to whomsoever it desires, though thereby the individual creditor of one partner is preferred to the exclusion of partnership creditors. Hanford v. Prouty, 133 Ill. 352; Goembel v. Arnett, 104 Ill. 34. Thus far we have discussed the legal question presented from the standpoint of Illinois authorities without reference to the facts as disclosed by the record.

In the original brief and argument of appellant much stress was placed upon this point, but in the reply argument it is said " the gravamen of the case at bar, is the fraud that was perpetrated." The fictitious consideration in the bill of sale is said to consist in this, that when appellee sold his interest in the store to his son, Thomas, in September, 1889, it was only $1,348,45, whereas when the bill of sale was made December 20, 1890, it was $1,958, which would make the consideration fictitious to the extent of $609.55. The record shows that the interest of appellee was invoiced at the former sum before the stock was removed from Columbus to Golconda, after which time the appellee continued in the partnership for several months before his sale to Thomas Steagall. The invoice at the time of the sale, we do not find in the record. The appellee and his son, Thomas, both testified, however, that at the time of such sale, his interest amounted to the latter sum, $1,958, and that an invoice was taken, showing that fact, upon which basis the sale was made. There was no attempt to contradict this evidence. It stands in this record unimpeached. Therefore, there was no fictitious consideration of $609.55. After a careful examination of the evidence our conclusion is that King and Truebger authorized or consented before the fact to the sale of the firm property. It may be that it was not disposed of exactly in the way they anticipated, yet such fact would not affect the title of a purchaser in good faith; see Hapgood and Parker cases, *supra*. There is no evidence

that appellee knew of any limitations being placed upon the sale. He purchased in good faith, as appears by the evidence, without any other than the lawful purpose of securing his own debt, which was entirely *bona fide*. Doubtless the firm creditors would have done the same, had the opportunity been presented, and thereby placed appellee in the same position in which they are now. The individual and partnership debts were all *bona fide*, and therefore under the facts in this case, *qui prior est tempore potior est jure*. The judgment is affirmed.