## T. W. Coe v. Simmons Boot & Shoe Co. et al.

1. MARSHALING OF ASSETS—*A Doctrine of Equity.*—The doctrine that firm property shall first be subjected to the payment of firm debts in preference to individual debts obtains only in equity. The law disregards such preferences.

2. PARTNERSHIP—*Rights of Creditors.*—The right of firm creditors to have the firm assets so marshaled as to satisfy their own debts first can only be worked out through the equities of the partners.

3. SAME—*Rights of Members as to Firm Debts.*—Each member of a partnership has an equitable right to have the partnership assets applied in the first instance to the payment of the firm debts.

4. APPEALS—*By Sheriff—From Order of Distribution.*—An appeal lies by a sheriff from an order of the Circuit Court of his county directing him as to the distribution of moneys in his hands among execution creditors.

Coe v. Simmons Boot & Shoe Co.

**Order of Distribution.**—Moneys in sheriff's hands, etc.   Appeal from the Circuit Court of Livingston County; the Hon. ALFRED SAMPLE, Judge, presiding.   Heard in this court at the May term, 1895.   Reversed and remanded.   Opinion filed December 10, 1895.

### STATEMENT OF THE CASE.

On the 6th of August, 1894, L. B. Dominy, the Pontiac Shoe Mfg. Co., and the First National Bank of Fairbury, respectively, obtained judgments by confession against the firm of Sims & Blair, boot and shoe merchants at Fairbury, Illinois, aggregating $1,129.09.

Executions were issued at once and levied upon a certain stock of boots and shoes and rubber goods, belonging to Sims & Blair.

August 6, 1894, L. B. Dominy obtained judgment by confession against Charles F. Sims for $569.95, on which execution was issued at once, and a levy made on Sims' individual interest in said firm stock of goods.   On same date Dominy got judgment against J. A. Blair, the other member of the firm, and M. P. Blair, who was surety on note, for $487.45. Execution issued at once, and levy was made on J. A. Blair's undivided interest.

August 6, 1894, C. J. Merit obtained judgment by confession against J. A. Blair and M. P. Blair, surety on note for $566.90.   Execution issued at once, and levy was made on J. A. Blair's undivided interest in said stock of goods.

August 14, 1894, Margaret W. Merit obtained judgment against Charles F. Sims for $529.45, and on same date C. J. Merit got judgment against Sims for $309.45.   Executions were issued at once, and levy was made on Sims' undivided interest.

T. W. Coe, as sheriff, at once advertised a sale of said stock of goods under said executions issued August 6th for August 20th.

August 18, 1894, Simmons Boot & Shoe Company notified said Coe that they had a claim against Sims & Blair, on which suit was then pending in Circuit Court, and that out of the proceeds of said sale they would demand payment.   Some other firm creditors did the same.

August 20, 1894, Coe read all of said executions publicly at place of sale just before offering the goods. Stock was offered in job lots first; then the stock and fixtures as a whole were offered for sale. More having been offered for the whole than the job lot bids aggregated, the goods were sold in mass for $2,695.77. Out of the proceeds, the sheriff satisfied the three partnership executions, but refused to make any further distribution without an order of court.

August 25, 1894, all the appellees except Simmons Boot & Shoe Company filed transcripts of judgments obtained before a justice of the peace, in the Circuit Court, and procured executions, and delivered them to Coe and demanded payment out of the remaining proceeds of sale then in sheriff's hands, but the latter refused to so distribute the funds.

October 12, 1894, Simmons Boot & Shoe Company recovered judgment by default in Circuit Court against Sims & Blair for $309, and took out execution.

October 31, 1894, Simmons Boot & Shoe Company, the other appellees joining, filed a motion in the Circuit Court in case of Simmons Boot & Shoe Co. v. Sims & Blair for a rule on sheriff Coe to show cause why he should not apply the remainder of the proceeds of said sale to the payment of their executions against Sims & Blair, which motion was resisted by said individual creditors and said Coe.

On a hearing of the motion, the court ordered appellant as sheriff to give preference to the partnership creditors over individual creditors, and apply the remainder of the proceeds of sale, first, to the executions held by partnership creditors.

From that order appellant prosecutes this appeal.

C. F. H. CARRITHERS and G. W. PATTON, attorneys for appellant, contended that the equitable rule which requires the assets of the firm to be first applied to the payment of firm debts, and the individual assets to the payment of individual debts of the partners, is founded, not upon the equities of the creditors but upon the equities of the partners. Each member of the firm has an equitable

right to have partnership assets applied in the first instance to the satisfaction of partnership debts. But firm creditors whose debts have not been reduced to judgment have no specific lien, either legal or equitable, upon the property of either the firm or of the individual partners, and their right to have the firm assets so marshaled as to satisfy their debts first, can only be worked out through the equities of the partners. Hanford et al. v. Prouty et al., 133 Ill. 351; Ex parte Ruffin, 6 Ves. 119; Huiskamp v. Moline Wagon Co., 121 U. S. 311; 1 Bates on Partnership, Sec. 559; Myers, Fed. Dec., Vol. 15, Sec. 1852; Williamson v. Adams, 16 App. 564; Hapgood v. Cornwell, 48 Ill. 64.

Cases may and do arise when an equal or superior equity may be created in favor of a creditor of a member of the firm, as in this case, by furnishing the capital upon which the business was commenced. Miller v. Robinson, 34 App. 469; Reeves, Stevens & Co. et al. v. Mark Ayers et al., 38 Ill. 418.

Where there are equal equities the first in order of time prevails. Miller v. Robinson, *supra.*

The undivided interest of one partner may be levied upon and sold on execution in favor of an individual creditor. Such creditor is not required to go into chancery in the first instance to ascertain whether his debtor will have a surplus after the payment of all partnership debts. Chandler v. Lincoln, 52 Ill. 74.

H. H. McDowell, Herbert Powell and Strawn & Norton, attorneys for appellees, contended that a court of equity will not take jurisdiction where it has first been acquired by a court of law, unless there is some equitable circumstance in the case which the party can not avail himself of at law. Subject to this qualification the rule is inflexible. Mason v. Piggott, 11 Ill. 89; Coughron v. Swift, 18 Ill. 416; Ross v. Buchanan, 13 Ill. 59; Bigelow v. Andress, 31 Ill. 322; Russell v. Chi. Tr. and Sav. Bank, 139 Ill. 551; Chittenden v. Rogers, 42 Ill. 95.

This rule has been so often repeated as to have become

a recognized legal maxim, that a party can have no standing in a court of equity who has an adequate remedy at law. Richards v. L. S. & M. S. Ry. Co., 25 Ill. App. 139; Gore v. Kramer, 117 Ill. 176; Werden v. Graham, 107 Ill. 169; Long v. Barker, 85 Ill. 431; Puterbaugh v. Elliott, 22 Ill. 157; City of Peoria v. Kidder, 26 Ill. 351; Winkler v. Winkler, 40 Ill. 184.

A court of law may exercise equitable jurisdiction over the execution of its own process, and it is its duty to do so whenever the circumstances require it and it may be done without injustice to any party. Mason v. Thomas, 24 Ill. 286; Watson v. Reissig, 24 Ill. 281.

Courts of law have a general supervisory power over their process, either mesne or final, and, according to the settled practice, may prevent or correct any abuse of it. Robinson v. Chesseldine, 5 Ill. 333; Farrell v. McKee, 36 Ill. 230; Chittenden v. Rogers, 42 Ill. 99.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court, directing the sheriff of Livingston county to give preference to partnership execution creditors over individual creditors of members of an insolvent mercantile firm.

The executions of the individual creditors were prior to those of the partnership creditors.

We think the doctrine of *qui prior est tempore patior est jure*, applies.

The doctrine that firm property should first be subjected to the payment of firm debts in preference to individual debts, obtains only in equity. The law disregards such preference. It is founded upon the equities of the partners, and upon the equities of the creditors. Each member of the firm has an equitable right to have partnership assets applied in the first instance to the satisfaction of partnership debts.

The right of firm creditors to have the firm assets so marshaled as to satisfy their debts first, can only be worked out through the equities of the partners. 1 Story, Equity

Jurisprudence, Sec. 675; Singer, Nimick & Co. v. Carpenter, Exr., 125 Ill. 117; Hanford et al. v. Prouty et al., 155 Ill. 339; Wallace v. Stongall, 52 Ill. App. 471.

We do not entertain the view contended for by counsel for appellees, that the appeal should be dismissed, for the reason that appellant, being merely an officer holding the executions, is not personally interested in the proceeds of the sale.

The order is direct against him, and he has the right to have it reviewed by this court.

The order should be reversed and the cause remanded, to enable the Circuit Court to enter an order upon the motion consistent with the views herein expressed.   Reversed and remanded.