## Nellie Maginnis, Appellant, v. David W. Storrs et al., Appellees.

## Gen. No. 14,869.

CREDITOR'S BILLS—*how fraud in conveyance must be established.*
Fraud must be proven by a preponderance of the evidence and the
burden of proof is on the party alleging it; it is not to be inferred
from mere suspicion, and mere inadequacy of consideration will not
raise a presumption of fraud.

Bill in chancery. Appeal from the Circuit Court of Cook county;
the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at
the October term, 1909. Affirmed. Opinion filed January 24, 1910.
Rehearing denied February 3, 1910.

**Statement by the Court.** Appellant filed her bill
in the Circuit Court seeking to set aside conveyances
of real estate made on or about June 24, 1901, by ap-
pellee, James J. Harrington, to David W. Storrs and
to subject said property to the lien of a judgment
against Harrington.

It appears from the bill of complaint that upon
October 12, 1898, said Harrington was indebted to
complainant in the sum of $8,000, evidenced by his
promissory note of that date due and payable by its
terms October 24, 1903, with interest payable semi-
annually; that the note provided in case of default in
payment of interest, that the whole amount of the note
should at the election of the holder be at once due and
payable; that default occurred in payment of interest
due October 24, 1901, whereupon complainant declared
the whole sum due and payable, and on February 13,
1902, obtained a judgment on the note for $8,403.20 and
costs against said Harrington; that execution issued
on the judgment and was returned unsatisfied. It is
alleged that at the time of execution and delivery of
said note Harrington owned certain described real
estate, which for convenience is designated by com-
plainant's counsel by the names of certain streets on
which it is located, as the "Illinois property," "Lafay-

ette property," "Aberdeen property" and "Oaken-wald property." On June 24, 1901, Harrington conveyed these properties by quitclaim deeds to appellee, David W. Storrs. It is averred that these deeds were made and delivered without any valuable consideration, with intent on the part of the grantor and grantee to defraud complainant and other creditors of Harrington and to cover up and conceal the interest of Harrington in said real estate from Zetta R. Harrington, his wife, with whom he was then engaged in divorce litigation; that said real estate was not sold by Harrington to Storrs, and that the latter has paid nothing therefor to Harrington.

There are further averments to the effect that Storrs has received from Harrington large sums of money and large amounts of personal property since the making and delivery of said note; that he holds the same in trust for Harrington, and that the latter has notes and mortgages or other securities which he keeps concealed.

The prayer of the bill is that Harrington be decreed to pay the amount due under the complainant's judgment against him and to apply for that purpose any money, property or choses in action belonging to him; that all rights and interests of defendants in said real estate be subjected to complainant's right to have said real estate sold and the proceeds of sale applied in payment of complainant's judgment.

The sworn answers of the defendants deny that the conveyances to Storrs were made without consideration or with intent to defraud or hinder or delay complainant and other creditors, and aver that Storrs bought in good faith all of said real estate for a valuable consideration, to wit: $8,000 in hand paid by Storrs to Harrington and without any notice of complainant's claim thereon or thereto; that said purchase by Storrs was subject to certain mortgage indebtedness on the property, to tax liens and to the inchoate right of dower of Harrington's wife; that Storrs has

purchased from the latter her inchoate right of dower for a valuable consideration and obtained from her a quitclaim deed and release of dower; and that Storrs assumed certain mortgage indebtedness on the property. Harrington denies having notes due him or having money, mortgages or other securities which he keeps concealed or which is held by any one for him. A separate answer was filed by Storrs, denying all material averments of the bill and asserting the purchase in good faith by him of the real estate in question for a valuable consideration.

The judgment upon which complainant's bill is based appears to have been obtained by confession upon a judgment note executed by defendant Harrington, which was not due at the time of the transfers now complained of. This note was secured upon the "Oakenwald property" so-called, which was subsequently sold on foreclosure to satisfy the debt in controversy, and was bought in by complainant. It is claimed by defendants' counsel that the evidence shows the debt in question has been fully paid and satisfied out of the security. But whether so or not is immaterial to the issues raised by the bill and answers, and that question is not before us.

The Circuit Court upon hearing dismissed the bill for want of equity. From that decree complainant prosecutes this appeal.

J. M. H. BURGETT, for appellant.

ILES & MARTIN, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is claimed in behalf of complainant that the evidence shows the defendant Storrs owed Harrington at the time of service of summons on Storrs the sum of $5,226.28, and that complainant was in any event entitled under her bill to a decree against Storrs for that amount. It appears from the evidence that Storrs gave

Harrington in payment of the consideration for the transfer, at the time the purchase of the real estate was concluded and the deeds therefor executed and delivered, his promissory note for $10,000, upon which at the time the bill was filed and summons served, Storrs had paid only $5,117.10, in nine separate payments. The balance of said note appears to have been since paid. If the bill was in fact a creditor's bill with sufficient averments, the complainant's contention might have some basis. But it is not such a bill in any proper sense. It is a bill in which complainant seeks to set aside the conveyance of the real estate in question by Harrington to Storrs upon the alleged ground that such sale and conveyance was not an actual *bona fide* sale, but was without consideration and fraudulent. It is true the bill avers that since the delivery of "said note," Storrs has received from Harrington large sums of money, and large amounts of personal property, which he holds in trust for Harrington, and contains an interrogatory as to whether there is not in the possession of Harrington "or some other person some right or credits belonging to said" Harrington. But complainant does not by her bill seek to restrain payment by Storrs or any one else of any indebtedness to Harrington, and alleges no fraud except in the transfer of the real estate. She prays for a decree against Harrington to the effect that he be required to pay the complainant the amount due upon her judgment and that he apply for that purpose money and other property of his own. Under this bill purporting only to set aside the conveyances of the real estate by Harrington to Storrs, the latter was in no way advised that complainant sought to require him to retain in his own hands for complainant's benefit money due from him in any capacity to Harrington. No relief of that kind is by the terms of the bill apparently contemplated. So far as appears by the bill complainant was satisfied to rely upon setting aside the alleged fraudulent conveyance of real estate. No facts

are set up which justify any other claim under the prayer for general relief. While there is a prayer for a receiver, no effort was made to have one appointed.

Complainant urges however that the evidence warrants a finding sustaining the averments of the bill as to the fraudulent nature of the conveyances; that the fraud is shown by the fact that Harrington is a brother-in-law of Storrs, that the conveyances to the latter included all of Harrington's real estate, that a false reason for the alleged sale was given, that Harrington was led to make the sale in order to prevent his divorced wife from gaining anything by her decree against him, that the negotiations were hastily concluded before entry of the decree in the divorce suit, that the consideration was inadequate, that at the time of the conveyance Harrington was heavily in debt as Storrs knew, and that by the conveyance Harrington was left without property to be appropriated by his creditors; that Storrs did not assume payment of the encumbrances on the property conveyed, that Storrs himself was then heavily in debt, yet Harrington took his unsecured note for $10,000 in payment, and by other matters relating to the transaction not necessary now to be set forth in detail.

As to the evidence tending to show that Harrington was moved primarily to dispose of his said real estate by discouragement in view of his difficulty with his wife or by a desire to prevent his wife, who was then suing for a divorce, from getting any of the real estate, it is sufficient to say that she is not complaining of the transfers. It appears moreover that her claims were subsequently satisfied by conveyance to her of Harrington's equity in the "Oakenwald property" and payment of $1,000 additional for release of her dower rights in the other lands; and there is evidence to the effect that in consideration of the conveyance of the equity of Harrington in said Oakenwald property to the wife, Harrington credited $2,000 on Storrs' note for $10,000. It appears that complainant's note was

not due at the time the conveyances were made and there had been no default on it.

The question remains whether acts of the defendants as shown by the evidence tend to support complainant's contention that the conveyances in question were in fact fraudulent. Fraud must be proven by a preponderance of evidence, and the burden of proof is on the party alleging it. American Hoist & Derrick Co. v. Hall, 208 Ill. 601. It is not to be inferred from mere suspicion. Pratt v. Pratt, 96 Ill. 184-199. "If the transaction be an honest one made in good faith and for an adequate consideration," a debtor may, as complainant's counsel concedes, sell his property to whom he pleases. Citing Holbrook v. Bank, 10 Ill. App. 140-143; Miller v. Kirby, 74 Ill. 242-246; Waddams v. Humphrey, 22 Ill. 661-663; Hessing v. McCloskey, 37 Ill. 341-342. There is evidence that the property in question was all heavily encumbered, the encumbrances amounting, according to complainant's counsel, to about $27,000, and the property was subject to unpaid taxes and to the inchoate dower right of the wife. There is difference of opinion among witnesses as to the value of the property at the time of the transfer, but we are of opinion the evidence falls far short of justifying the contention that the consideration paid by Storrs was, under the circumstances, so inadequate as to warrant the court in finding the transfer lacking in honesty and good faith. We do not concur in the contention of complainant's counsel that the answer of defendant Storrs does not set up the defense that the purchase was made in good faith for an adequate consideration.

Counsel have discussed the questions involved at great length. We cannot within limits appropriate follow in detail such discussion. It must suffice to say that we are of opinion from a full examination that the complainant has failed to sustain by evidence material averments of her bill. As said in American Hoist and Derrick Co. v. Hall, *supra*: "All transactions are pre-

sumed to be fair and honest until the contrary is proven. Appellant having alleged fraud, the burden was upon it to prove that allegation by a preponderance of evidence.''

For reasons indicated the decree of the Circuit Court will be affirmed.

*Affirmed.*