SINGER, NIMICK & CO.

*v.*

H. W. CARPENTER, Exr.

*Filed at Ottawa June 16, 1888.*

1. PARTNERSHIP—*priority as between individual creditors and those of the firm.* The law does not recognize the creditor of a firm as having a superior equity to that of the individual creditor for payment from the partnership assets. It recognizes, however, that the members of the partnership have a superior lien on the partnership property for the payment of the firm debts, and allows the creditors to avail themselves of this lien to the exclusion of individual creditors, when it has not been surrendered by the partners.

2. SAME—*and herein, when partnership property becomes that of the individual partner.* Where a partnership firm, by contract of sale, transfers all its property to another, so as to invest the purchaser with the equitable title, the interest of each of the partners is thereby terminated, and with it the right of the firm creditors to have the property, or the proceeds of the sale, applied first to the payment of their demands. The proceeds will be the individual property of the partners, and, as such, liable for their individual debts in preference to the claims of the firm creditors.

3. The members of a partnership entered into an agreement with a corporation composed of themselves and others, to transfer the firm property to the corporation, for which shares of stock should be issued to the several partners in certain proportions. This contract was not fully consummated until after the death of one of the partners, and a debt of the firm was proved against his estate: *Held,* that the stock issued to the deceased partner was not partnership property, and that the creditor of the firm was not entitled to have the proceeds of such stock applied in payment of his claim, to the exclusion of the individual creditors of the deceased partner.

4. An insolvent partnership firm, in good faith, not knowing, at the time, of its insolvency, sold and transferred its property to a corporation, for shares of stock in the corporation, which were divided between the partners according to their respective interests. The stock of one of the partners was contracted to be sold and was in part delivered by him in his lifetime and the balance came to the hands of his executor: *Held,* that the stock so issued to the deceased partner, and consequently its proceeds, was not partnership assets, and, as such, liable to the payment of the partnership debts in preference to the individual debts of the deceased partner.

5. STATUTE OF FRAUDS—*who may avail of it.* Where the members of a partnership agreed to sell and transfer the firm property, consisting partly

of real estate, to a corporation of which they were members, it was *held,* that the creditors of the firm could not interpose the Statute of Frauds to defeat the contract of sale, the members of the firm themselves not having chosen to interpose it.

6. SPECIFIC PERFORMANCE—*when enforced.* The members of a manufacturing company, which was not incorporated, formed a corporation with other parties, and agreed to transfer to the corporation the partnership property, consisting in part of real estate and partly of personal property, the latter having a peculiar value by reason of its adaptation to use, in connection with the use of the realty, for manufacturing purposes: *Held,* that while the contract did not vest a present legal title in the corporation, it vested in it an equitable right to the specific property, which a court of equity would specifically enforce at the instance of the corporation, it not being in default.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. WILLIAM LATHROP, for the appellant:

In equity, partnership property is to be applied to partnership debts, to the exclusion of individual debts, in the distribution of estates of insolvent partners. *Union Nat. Bank* v. *Bank of Commerce,* 94 Ill. 271; *McIntire* v. *Yates,* 104 id. 491; *Adams* v. *Sturges,* 55 id. 472; *Rainey* v. *Nance,* 54 id. 29; *Morrison* v. *Kurtz,* 15 id. 193; 3 Kent, 65; Story's Eq. Jur. secs. 675, 676.

This rule seems to be universal wherever the assets of the individual partner and of the partnership are equitably administered, or administered in a court of equity. In the settlement of estates, the county court exercises an equitable jurisdiction. (*Brandon* v. *Brown,* 106 Ill. 519.) The rule is fundamental in this State.

The right of the joint creditors to have their debts first satisfied from the joint property is universal, in all cases where there has been a dissolution, by the death or bankruptcy of one of the partners. Story on Partnership, secs. 361-363; Parsons on Partnership, *448; *Wilder* v. *Keeler,* 3 Paige Ch. 167;

*Rainey* v. *Nance*, 54 Ill. 29; *Water Power Co.* v. *Webster*, 26 id. 233.

Upon the dissolution of a co-partnership, it is the primary duty and right of each partner to require that the funds shall first be directly applied to the payment and discharge of the partnership debts and liabilities. (Story on Partnership, secs. 322, 326.) But it is where the co-partnership is dissolved by the death or bankruptcy of a partner, that this duty and obligation becomes absolute, and what before existed as a right in the co-partners themselves, is transferred to the joint creditors as an equity or a *quasi* lien upon the partnership effects, which they may enforce. Story on Partnership, secs. 360-364. And in case of bankruptcy, see secs. 374-378.

Mr. WILLIAM MARSHALL, for the appellee:

Partnership creditors have no lien upon the partnership assets, except as they come in the equities of the partners themselves; and if the partners have done anything to debar them from coming into a court of equity, the creditor comes under the same bar. *Hapgood* v. *Cornwell*, 48 Ill. 64; *Ladd* v. *Griswold*, 4 Gilm. 36; *Williamson* v. *Adams*, 16 Bradw. 564; *Siegler* v. *Knox County Bank*, 8 Ohio St. 516; *Allen* v. *Center Valley Co.* 21 Conn. 130; *Schefer* v. *Fithian*, 17 Ind. 463; *Dunham* v. *Hanna*, 18 id. 270.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The members of a firm which had for many years been engaged in the manufacture of agricultural implements, agreed with each other, and with some other parties, to form a corporation to carry on the same business. The firm owned and used in its business both real and personal property, and it was agreed by those agreeing to form the corporation, that this property should be transferred to the corporation, and that in payment for it the corporation should deliver to each partner a given amount of its shares of stock. The firm was at the

time indebted, but it was not known by the partners that it was insolvent, and no fraudulent purpose is shown to have affected the agreement. The corporation was formed, and legally licensed to do business, pursuant to the agreement, but before the property of the firm was all transferred to it, one of the partners died. The transfer was completed after his death, and the stock was then issued by the company, and $17,500 of it was delivered to a party to whom the deceased partner had, in his lifetime, contracted it, and the remaining $2500 of it was delivered to his executors. A corporation which is a creditor of the firm, claims to be entitled to have its debt satisfied out of moneys in the hands of the executors of the deceased partner, which have been realized by a sale of the $2500 of stock, and of the property in payment for which the $17,500 of stock was delivered, before the individual creditors of the deceased partner can resort to that money. The lower courts each denied this claim, and, we think, properly.

It is not in this connection important, as counsel for appellant seems to think, whether the technical legal title passed from the deceased partner to the corporation in his lifetime. The law does not recognize the creditor of a firm as having a superior equity to that of the individual creditor for payment from the partnership assets. It recognizes, however, that the members of the partnership have a superior lien on the partnership property for the payment of the firm debts, and allows the creditors to avail themselves of this lien to the exclusion of individual creditors, where it has not been surrendered by the partners. *Hapgood* v. *Cornwell*, 48 Ill. 64. See, also, *Allen* v. *Center Valley Co.* 21 Conn. 130; *Sigler* v. *Knox County Bank*, 8 Ohio St. 516.

The other partners, here, having joined with the deceased partner in the contract, are, of course, concluded by it if he was. While that contract did not vest a present title, it vested a right in the corporation to have it performed; and by reason of the peculiar property to be transferred,—partly real and

partly personal,—and the personal having its peculiar value by reason of its adaptation to use in connection with the use of that realty, an equity vested in the corporation to have that particular property, and a court of chancery would therefore have specifically decreed a performance of the contract at the instance of the corporation, it not being in default. *Marsh* v. *Milligan*, 3 Jur. (N. S.) 979.

The creditors of the firm can not interpose the Statute of Frauds, the members of the firm themselves not having chosen to interpose it. *Kelly* v. *Kendall et al.* 118 Ill. 650.

It would, moreover, seem that the admission here made by the appellant, that the money it is claiming to appropriate is money derived from subsequent sales of the stock of the corporation, is, of itself, sufficient to deny its right. The stock was not partnership property, and it is therefore impossible that its proceeds can be.

If the partnership property did not vest in the corporation pursuant to the contract, it is just as it was before the attempted transfer, and the firm creditors may resort to it; and if the corporation issued stock to the individual, for which it had not been paid, and to which the individual was not entitled, the loss is manifestly upon the corporation, and not upon the creditors of the firm of which the individual was a member. But if the partnership property did vest in the corporation, the interest of the partners in it was thereby terminated, and with their interest terminated that of the firm creditors. In equity it was a conversion of partnership into individual property, as of the date of the contract. In our opinion, in no view was the stock firm property, and as it was so are its proceeds.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*