## Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

*v.*

## W. A. Wood.

*Opinion filed February 20, 1901.*

1. Contracts—*contract for personal services may be assigned by consent.* A contract for personal services requiring skill and experience may be assigned with the consent of the party for whom the service is to be performed.

2. Evidence—*when lease is properly admitted in evidence.* Although a lessee has assigned the lease for the balance of the term, yet he may sue the lessor for damages for breach of covenants while he held the lease, and the lease may be put in evidence in such action.

3. Statute of Frauds—*statute cannot be invoked to avoid executed contracts.* The Statute of Frauds, requiring leases and assignments thereof for a term exceeding one year to be in writing, cannot be invoked to avoid an assignment which has been carried into full and complete execution.

4. Damages—*when profits may be proven as the measure of damages.* In an action for breach of contract, profits may be proven as the measure of damages when susceptible of being proven with reasonable certainty, where such profits were known by both contracting parties to be the object and inducement of the contract.

5. Same—*what proper in determining damages for breach of covenant to stop trains at hotel.* In an action by a lessee of a railroad hotel for breach of the lessor's covenant to stop its trains at the hotel for meals, it is proper to permit plaintiff's witnesses, if properly qualified, to express opinions as to the rental value of the hotel with and without trains stopping in compliance with the terms of the lease, and the value of the leasehold interest with and without such compliance.

*C., C., C. & St. L. Ry. Co. v. Wood,* 90 Ill. App. 551, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. K. Vickers, Judge, presiding.

C. S. Conger, for appellant.

Choisser, Whitley & Choisser, (Parish & Parish, of counsel,) for appellee.

Mr. Chief Justice Boggs delivered the opinion of the court:

Having procured a certificate of importance, the appellant company has perfected this appeal from the judgment of the Appellate Court for the Fourth District affirming the judgment in the sum of $362.50 entered in the circuit court of the county of Saline, in favor of appellee, in an action of assumpsit brought by appellee against the appellant company.

The action was to recover damages for the alleged breach of certain covenants contained in a written lease executed by the appellant company and the St. Louis, Alton and Terre Haute Railroad Company, as parties of the one part, and one Alice C. Goe, whereby the said railroad companies leased to said Alice C. Goe a parcel of the right of way between the tracks of said railroads and about thirty feet north of their depot at Parker City, at a nominal rental, the said lessee covenanting to construct on the said leased ground a hotel building on a plan to be approved by the authorities of the said companies, and to "keep or run the same as a hotel during said term of lease in a suitable and proper manner, including facilities for the accommodation of trains with meals when so required, making the usual reduced rates to the employees of said companies." The lease also contained the following stipulation: "Said companies severally agree, each for itself, that it will stop such of its passenger trains for meals at such station when the time of passing there is suitable and such stoppage does not conflict or interfere with connections at other points." The declaration averred the lessee, Alice C. Goe, assigned and transferred her right and interest in the lease to one Daniel G. Turner, who began and partially completed the construction of the contemplated hotel building and transferred and assigned the lease to the plaintiff, the appellee; that all of the assignments were with the consent and approval of the said companies; that appellee

189—23

completed the building in accordance with the plans and specifications approved by the said companies and furnished and equipped the same, and was ready to keep and maintain, and did keep, maintain and operate, the said hotel in all respects as required by the lease, but that the said appellant company failed and refused to stop its trains for meals, in violation of the covenants of the lease on its part. A plea of the general issue, with notice of special defense, was interposed, and the cause was heard before the court and a jury.

On the hearing counsel for the appellant objected to the introduction of the lease in evidence for the following reasons: First, for the reason that the clause in it on which suit is brought, by which said company agreed to stop their trains, is a personal contract with Mrs. Goe, and cannot be assigned; second, it appears by the evidence that this lease, and all rights under it, have been transferred from the plaintiff on July 11, 1893, since which time he has had no interest in the lease or any connection with the contract, and therefore cannot maintain an action upon it. The court overruled these objections and permitted the lease to be received in evidence.

An express provision in the lease contemplated an assignment thereof with the consent of the appellant company. The original lessee, Alice C. Goe, wrote her name on the lease and delivered possession of the leased premises and of the lease to Daniel Turner, and the appellant company endorsed thereon an assignment and transfer of the lease to the said Turner. Turner assigned the lease and delivered possession of the leased premises to the appellee, Wood, and the appellant company endorsed on the lease its written consent to that transaction. Engagements for personal services requiring skill and experience may be assigned with the consent of the other contracting party. (*Sloan* v. *Williams*, 138 Ill. 43; 2 Am. & Eng. Ency. of Law,—2d ed.—1036.) The first of said objections was therefore properly overruled.

We think the second objection to the introduction of the lease was also properly deemed insufficient. Though it appeared the appellee had assigned the lease for the remainder of the term to another party, yet it was competent for him to institute an action for any damages accruing to him by reason of a breach of the covenants of the lease on the part of the appellant company while he held the lease, and to recover such damages it was proper the lease should be exhibited in evidence. This objection, therefore, did not go to the question of the admissibility of the lease in evidence.

Counsel for the appellant argues the court erred in overruling its objection to the admissibility of the lease in evidence for the reason the remainder of the term of the lease exceeded the period of one year, and there was no full, complete written assignment of it by the original lessee, Alice C. Goe. The appellant did not specify this objection in the trial court or bring it to the attention of the trial judge and obtain a ruling upon it. Alice C. Goe assigned the lease in blank and delivered it and possession of the leased premises to said Turner. The assignment in blank did not answer the requirements of the Statute of Frauds, but the assignment from her to Turner became an executed and fully completed assignment in point of fact. As part of the same transaction the following endorsement was written on the lease and signed by the appellant company and said Turner, viz.:

"St. Louis, *November 22, 1890.*

"We hereby assign and transfer the within lease to Mr. Daniel Turner upon the terms and conditions therein expressed, as per agreement with him, and to take effect from this date."

The Statute of Frauds cannot be invoked to avoid contracts that have been carried into execution, as was the transfer from Mrs. Goe to Turner, so consented to and joined in by the other parties to the lease. *Swanzey* v. *Moore,* 22 Ill. 63; *Wheeler* v. *Frankenthal,* 78 id. 124; *James* v. *Morey,* 44 id. 352; *Hayward* v. *Gunn,* 82 id. 385; *Pearce* v. *Pearce,* 184 id. 289.

The remaining alleged errors are, that the court, in ruling as to the admissibility of evidence and the giving and refusing of instructions, misapprehended the true rule governing the admeasurement of the damages which the appellee was entitled to recover.

Evidence was produced tending to show compliance on the part of appellee with the provisions of the lease with reference to the erection and maintenance of a hotel on the leased premises, and that he conducted therein, for a period of five months and ten days, a hotel and dining room for the accommodation of the passengers and employees of the company with meals, and that he notified the appellant company of such compliance on his part, and that the company persistently and in violation of the covenants of the lease refused to stop its trains so that its passengers and employees could patronize such hotel and dining room; and the complaints of the appellant company are, the court admitted testimony as to the possible profits and gains which the appellee would or might have enjoyed had the company stopped its trains in compliance with the agreement, and so framed the instructions as to authorize the recovery of such supposed or possible profits. The interrogatories propounded by the appellee to the witnesses on his behalf on the question of damages asked an expression of the opinion of the witness as to the rental value of the hotel property if the trains of the appellant company should be stopped there for meals and its rental value if such trains should not be so stopped, and as to the depreciation in the value of the leasehold by the alleged failure of the company to stop its trains in compliance with the provisions of the lease. Counsel for the appellant, on cross-examination of such witnesses, so framed the interrogatories as to develop that the witnesses, in arriving at the conclusions stated by them as to the depreciation in the rental value or value of the leasehold, considered the additional patronage which would or

might come to the hotel should the trains stop there for meals and the profits arising from such additional patrónage, and upon the facts so developed by such cross-interrogatories based the objection in the trial court, and insists in this court, that the damages allowed were for mere possible or probable profits to arise or be enjoyed had the trains stopped for meals at the hotel so conducted by the appellee.

The question here presented is not whether profits were a proper measure of damages, but whether, in estimating the rental value of the property in question, the witness might properly consider as an element of value the increased business that would result from compliance with the contract. However, counsel for appellant is in error in contending it is the invariable rule that profits do not constitute a measure of damages. When profits are the object and inducement of the contract, and known to both contracting parties so to be, such profits may be proven as the measure of damages for a breach of contract if susceptible of being proven with reasonable certainty. (8 Am. & Eng. Ency. of Law,—2d ed.—622.) Mr. Sutherland, in volume 3, page 1980, of the second edition of his work on Damages, says: "The objection usually made to the allowance of damages for the loss of profits, when they are disallowed, is, that such damages are remote and uncertain or speculative. They are not remote when the premises were leased for the particular business and the action is against the lessor or his successor in interest by the lessee or his assignee, whether it is on the covenant for quiet enjoyment or in tort; nor are they remote to a wrongdoer who destroys or impairs a business open to his observation. The objection that the damages are uncertain and speculative is insuperable when they are incapable of estimation and proof with that degree of certainty requisite to establish facts for the consideration of a jury." And the same writer again further remarks (p. 1983): "If there be any such rule as that loss of

profits constitutes no ground or element of damages, it is not a universal nor a general rule. There are numerous cases,—even for breach of contract,—in which profits have been properly held to constitute not only an element but the measure of damages. When it is advisedly said that profits are uncertain and speculative and can not be recovered when there is an alleged loss of them, it is not meant that profits are not recoverable merely because they are such, nor because they are necessarily speculative, contingent and too uncertain to be proved, but they are rejected when they are so; and it is probable that the inquiry for them has been generally proposed when it must end in fruitless uncertainty, and therefore it is more a general truth than a general principle that a loss of profits is no ground on which damages can be given."

In the case at bar, the consideration which moved the lessee to enter into the covenants of the lease was the covenant entered into by the said railroad companies to stop their trains at the depot adjoining this hotel. The profits and gains to be secured from the guests thus brought to the hotel was the sole object of the contract. Such profits and gains constituted a proper measure of damages to the extent they were susceptible of being ascertained with reasonable certainty. There was, however, no attempt to prove loss of profits as the measure of the damages to be recovered. The appellee was allowed to submit to the jury the opinions of witnesses as to the rental value of the leased premises with the trains of the appellant company stopping there in compliance with the terms of the lease and the rental value without compliance, and the value of the leasehold with and without such compliance on the part of the appellant company, and the jury were instructed that the appellee, if entitled to prevail, should recover such damages, if any, as it should appear from the preponderance of the evidence he had sustained in the diminution in the value

of the leasehold by reason of the alleged failure of the appellant company to fulfill the covenants of the lease. The appellant, as we think, has no cause to complain that this measure of damages was adopted. When an established business has been interrupted or destroyed, the profits which the business yielded before such interruption or destruction may furnish a basis of fact on which to determine the profits of which the proprietor of the business has been deprived, or in some instances the volume of the business and the profits flowing therefrom are of such nature that the profits may be proven with a reasonable degree of certainty. In such state of case, when the action is for the breach of a contract such as the one at bar, the prospective profits of the business may be adopted as the proper measure of recovery. But in this instance the hotel had not been operated with trains stopping there, as contemplated by the contract, and for that reason the profits to accrue were so largely problematical and conjectural that the trial court wisely held the damages might be measured by any diminution in the rental value of the premises consequent upon a breach of the covenant by the appellant company. It was proven the hotel had practically no guests save such as would be brought to it for meals and lodging by the trains of the railroad company. It is manifest the rental value of a hotel depends on the number of guests likely to come or be brought to it. In forming a conclusion as to the rental value of the premises, the fact that the trains of the appellant company stopped for meals or did not so stop became a necessary factor. It was proper for those having knowledge as to the fact, to state the rental value of the premises under both conditions. This would involve consideration of the rental value arising from the facilities enjoyed for receiving patronage. Such testimony is quite distinguishable from that which would establish profits from which to measure damages.

The objections to the instructions given the'jury are disposed of by what has.been said on the questions of the admissibility of evidence.

The judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*