## MATHIAS KOENIG

*v.*

## WILLIAM DOHM *et al.*

*Opinion filed April 20, 1904—Rehearing denied June 8, 1904.*

1. STATUTE OF FRAUDS—*contract violating Statute of Frauds is not void.* A contract in violation of the Statute of Frauds may be enforced as made, unless the defendant raises the defense of the statute by demurrer, plea or answer.

2. SAME—*plea need not refer to Statute of Frauds by its title.* Express reference to the Statute of Frauds by its title is unnecessary in a plea or answer, if it is alleged the contract, or authority to make the contract, was not in writing, and it appears the defendant is relying upon the statute as a defense.

3. SAME—*when answer sufficiently raises defense of Statute of Frauds.* An answer to a bill for specific performance of a contract for the sale of lands, signed by an agent, sufficiently presents the defense of the Statute of Frauds, although the word "bargain" instead of "contract" is used in alleging the agent's want of written authority.

4. SAME—*endorsement of a check is not a sufficient memorandum of authority.* Endorsement by the owner of land of a check given as part payment on a contract for the sale of land, made by an agent not authorized in writing, is not such a note or memorandum of authority as will take the case out of the Statute of Frauds.

5. SAME—*what does not take case out of Statute of Frauds.* Payment of part of the purchase money on land, without possession or the

making of improvements, is not a sufficient part performance to take the case out of the Statute of Frauds.

6. SAME—*something more than moral wrong is necessary to equitable estoppel.* To give rise to an equitable estoppel which will take a verbal contract for the sale of land out of the Statute of Frauds, there must be something more than the mere moral wrong of refusing to abide by the contract.

7. SAME—*notice of contract in violation of Statute of Frauds has no force.* Notice to the purchaser of land of a prior contract for its sale, which is in violation of the Statute of Frauds, does not affect his rights.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This is a bill, originally filed on March 20, 1902, and subsequently amended on October 14, 1902, in the superior court of Cook county by the appellant against the appellees, William Dohm, Augusta J. Dohm, Thekla Schwartz, William Schwertfeger, and Peter VanVlissingen to enforce the specific performance of a contract for the sale of the premises, hereinafter described as 1111 Lincoln avenue in Chicago, by William Dohm and Augusta J. Dohm, his wife; to enforce a verbal agreement by said Schwartz, as second mortgagee, with appellant to release her mortgage lien; to remove a subsequent contract and warranty deed, executed to said Schwertfeger, as subsequent purchaser or grantee from Dohm, as clouds upon appellant's title; and to obtain from said VanVlissingen, trustee named in two trust deeds upon the property, written releases thereof. Answers were filed to the bill by the defendants, and the cause was referred to the master to take the testimony, and report his conclusions. Testimony was taken before the master, and returned by him with his reports. The master made two reports, in the first of which he found that the appellant was not entitled to the specific performance prayed for, and recommended a dismissal of the bill for want of equity. Subsequently, the master made a supplementary

report, wherein he reached an opposite conclusion from that announced in his original report, and recommended therein a decree of specific performance, substantially as prayed for in the bill. Objections and exceptions were filed to the master's reports; and on December 8, 1902, upon a hearing of the cause, the court sustained the exceptions filed to the amended report of the master, and dismissed the bill at appellant's cost for want of equity. From the decree, so dismissing the bill for the want of equity, the present appeal is prosecuted.

The material facts are substantially as follows: On January 30, 1902, and theretofore the defendant below, William Dohm, was the owner in fee of the real estate described in the bill as follows, to-wit: "Lot 3 in block 10 in Gross' north addition to Chicago in the south-east quarter of section 19, township 40 north, range 14 east of the third principal meridian, also known and described as No. 1111 Lincoln avenue, city of Chicago, together with the improvements." Augusta J. Dohm is the wife of William Dohm, and Thekla Schwartz is the mother of Augusta J. Dohm, and they live together. Said Schwertfeger had been a tenant of the premises here in controversy for some nine years, and had carried on the butcher's business there during that period. The complainant below, appellant here, Mathias Koenig, is also a butcher, and for several years carried on that business at 1101 Lincoln avenue. On January 30, 1902, the premises in question were encumbered as follows: One trust deed, dated May 7, 1897, to said VanVlissingen, as trustee, to secure a promissory note of even date for $3000.00; trust deed, dated June 15, 1897, to said VanVlissingen, as trustee, to secure a note for $3000.00 of even date, both notes payable in five years from date; and a third trust deed, dated June 20, 1900, to secure a note for $401.00, maturing in three years. The latter trust deed was released and satisfied of record when this bill was filed on March 20, 1902. VanVlissingen held the first note of

May 7, 1897, and Thekla Schwartz held the second note of June 15, 1897.

On Janury 30, 1902, William Dohm and Koenig made a verbal arrangement, by the terms of which Koenig was to pay Dohm $5650.00 for said premises upon condition that the price should be satisfactory to Mrs. Schwartz, the holder of the second encumbrance, it being understood that she would release a part of her debt in order to permit the sale of the property at the price named; at that time, it is agreed, William Dohm was bankrupt; William Dohm, and his wife, and mother-in-law were desirous of disposing of the premises, in order to pay the liens thereon, except the lien of Mrs. Schwartz, and, as to that, to obtain as much of it as possible and use the proceeds in re-establishing Dohm in business; on said January 30 it was arranged between Koenig and Dohm that Koenig should call at Dohm's house on the next afternoon, and, if Mrs. Schwartz should be then satisfied with the price of $5650.00, Koenig should enter into an agreement for the purchase of the premises for that sum; Dohm said that his wife could sign the contract for him as his agent; on January 31, 1902, which was Friday, Koenig and Mrs. Dohm and Mrs. Schwartz agreed to the purchase and sale of the premises, and an agreement in writing was entered into between the parties, dated January 31, 1902, signed by Koenig, and to which Mrs. Dohm signed the name of her husband, William Dohm, and her own name as his agent; by the terms of this written agreement Dohm and his wife agreed to convey said premises in fee, clear of all encumbrances, by a warranty deed to Koenig, together with the improvements, and Koenig thereby agreed to pay Dohm and his wife the sum of $5650.00, $500.00 upon the signing of the agreement, and $5150.00 upon the delivery of a good and sufficient warranty deed; upon the execution and delivery of the contract Koenig delivered to Mrs. Dohm a check for $500.00 payable to the order of William Dohm, upon the

First National Bank of Chicago, signed by said Koenig, which check was on the evening of January 31 delivered to Dohm, and then, or upon the morning of February 1, endorsed by Dohm; on February 1 the check was cashed, and collected by Mrs. Dohm, and the money received by her and deposited in a safety vault box; when the contract was made, Mrs. Schwartz agreed that she would accept and receive in full payment of her second mortgage the sum of $2000.00; Koenig and Mrs. Schwartz and the Dohms, with others, met again on Monday, February 3, and the Dohms and Mrs. Schwartz claimed that Koenig had misrepresented to Mrs. Schwartz and Mrs. Dohm the price, which Dohm had agreed to take for the premises; on Tuesday, February 4, Koenig and his attorney called upon John Pfeiffer, Dohm's attorney, to obtain the abstract of title for examination, and Pfeiffer then informed them that a real estate agent was making claims for commissions; thereupon, Koenig through his attorney agreed to pay an additional $50.00 to defray the expense of contesting said commission claim; the abstract of title was delivered to Koenig's attorney and by him returned the next day with his opinion; the opinion was received by Pfeiffer with the promise that he would immediately cure the objections therein stated; from February 5 until March 10, 1902, Koenig's attorney frequently communicated with Dohm's attorney, and requested him to settle the objections and complete the contract. None of the objections were removed prior to March 10, 1902; Koenig had no notice of Schwertfeger's intentions to purchase the premises until March 10, 1902, when he learned that Schwertfeger was negotiating for their purchase; Schwertfeger had actual notice on February 5, 1902, and thereafter on February 17, 1902, of the contract for the sale of the premises to Koenig; on the latter date Koenig told Schwertfeger that he had bought the property, and requested him to pay the rents to him, which, however, Schwertfeger did not do; on March 10, 1902, Pfeiffer in-

formed Koenig's attorney that Mrs. Schwartz had withdrawn her consent to the sale of the property and insisted upon the payment in full of her mortgage; on March 10, 1902, Mr. and Mrs. Dohm entered into an agreement with Schwertfeger for the sale of the premises to him for $6100.00, and, on March 14, 1902, delivered to him their warranty deed; Koenig served notice on March 12, 1902, on the Dohms and Mrs. Schwartz of a demand for specific performance of the contract of January 31, 1902; but after March 10, 1902, they refused to carry out said contract; Koenig has always been ready, willing and able to carry out the contract on his part; Koenig has paid two small sums on account of taxes upon the premises; Koenig tendered to Mr. and Mrs. Dohm and Mrs. Schwartz in lawful currency $5250.00, which tender was refused by them; at the hearing before the master Mr. and Mrs. Dohm and Mrs. Schwartz tendered and offered to Koenig the $500.00, paid by him as earnest money, which was refused by him; the liens upon the premises, except the first trust deed and $1000.00 on the trust deed held by Mrs. Schwartz, have been paid by Dohm.

MATTHEW J. HUSS, and BERNHARDT J. FRANK, for appellant:

A parol contract for the sale of lands, or a contract signed by an agent appointed without writing, is not void, but only voidable. Browne on Statute of Frauds, sec. 135.

Such a contract, being merely voidable under the statute, is enforceable as made if the defendant does not take advantage of the Statute of Frauds by setting it up as a defense, either by demurrer, plea or answer. *Dyer* v. *Martin*, 4 Scam. 146; *Kinzie* v. *Penrose*, 2 id. 516; *Hull* v. *Peer*, 27 Ill. 311; *Tarleton* v. *Vietes*, 1 Gilm. 471; *Switzer* v. *Skiles*, 3 id. 529; *Trustees* v. *Wright*, 12 Ill. 432; *Esmay* v. *Gorton*, 18 id. 483; *Boston* v. *Nichols*, 47 id. 353; *Carpenter* v. *Davis*, 72 id. 14; *Beard* v. *Converse*, 84 id. 512; *Irwin* v. *Dyke*, 114 id. 302; *Gordon* v. *Reynolds*, 114 id. 118; 118 id. 320.

A defendant who desires to claim the benefit of the statute in his answer without a special plea must especially insist on it in such answer or the defense will be waived. *Switzer* v. *Skiles*, 3 Gilm. 529.

A defendant, by simply denying the agreement set forth in the bill without setting up the Statute of Frauds as a defense, cannot avail himself of its protection. *Hull* v. *Peer*, 27 Ill. 311; *McClure* v. *Otrich*, 118 id. 320; *Skinner* v. *McDouall*, 2 DeG. & Sm. 265; *Battell* v. *Matot*, 58 Vt. 271; *Edelin* v. *Clarkson's Exrs.* 3 B. Mon. 31; Browne on Statute of Frauds, sec. 519, p. 638; 3 Daniell's Ch. Pl. 2144.

A defendant cannot, in an amended answer, plead the Statute of Frauds if he has not done so in his original answer. Pomeroy on Specific Perf. secs. 140, 141; *Jones* v. *Lloyd*, 117 Ill. 597; 1 Daniell's Ch. Pr. 682; *Spurrier* v. *Fitzgerald*, 6 Ves. 554; *City* v. *Manufacturing Co.* 93 Tenn. 276.

Where the principal represents to a third person that his agent has proper legal authority, he will be estopped to thereafter deny such legal authority; and it makes no difference if the agent had such authority in fact, or not. Pomeroy on Specific Perf. sec. 78, p. 114; *Wood* v. *Davis*, 82 Ill. 312; *VanCloostere* v. *Logan*, 149 id. 588.

Ratification of the agent's unauthorized contract need not be in writing if an element of equitable estoppel intervenes. Browne on Statute of Frauds, sec. 370a, p. 504; *Hawkins* v. *McGroarty*, 110 Mo. 546; *Palmer* v. *Williams*, 24 Mich. 333; *Morton* v. *Murray*, 176 Ill. 54; *Perry* v. *Pearson*, 30 Ill. App. 389; Bigelow on Estoppel, 476.

The Statute of Frauds has not abrogated the doctrine of equitable estoppel, and the statute cannot be interposed to defeat the application of said doctrine. Even real estate can be conveyed by estoppel. *Wade* v. *Bunn*, 84 Ill. 117; *Bell* v. *Goodnature*, 50 Minn. 318; *Hill* v. *Blackwelder*, 113 Ill. 283; *Robbins* v. *Moore*, 129 id. 30; *Wood* v. *Davis*, 82 id. 312; *VanCloostere* v. *Logan*, 149 id. 590; *Railroad Co.* v. *Ragsdale*, 54 Miss. 215; Browne on Statute of Frauds, secs. 437, 438, 441c, 448, 448a, 448b, 457a.

HANLON & PFEIFFER, for appellees:

The alleged contract is clearly within the Statute of Frauds, and void. The Statute of Frauds provides that the power of the agent to sign a contract must be in writing.   2 Starr & Cur. Stat. chap. 59, sec. 2; *Monroe* v. *Snow,* 131 Ill. 126; *Kopp* v. *Reiter,* 146 id. 437; *Van Cloostere* v. *Logan,* 149 id. 538; *Hughes* v. *Carne,* 135 id. 519; *Lasher* v. *Gardner,* 123 id. 441; *Wright* v. *Raftree,* 181 id. 464.

The written authority of the agent is strictly construed.   *Bissell* v. *Terry,* 69 Ill. 184.

The acceptance must be unconditional and without change of terms, and the writing must contain the names of the parties, terms, price and description.   *Farwell* v. *Lowther,* 18 Ill. 252.

Specific performance is within the sound discretion of the court, and a court of equity will not decree specific performance, whether the contract is enforcible or not, where the enforcement of it would work injustice.   *Espert* v. *Wilson,* 190 Ill. 629.

The Statute of Frauds is clearly set up in the answer. It is only necessary to set up facts sufficient to show that the defendant seeks the protection of the statute.   *Wright* v. *Raftree,* 181 Ill. 464; *Schoonmaker* v. *Plummer,* 139 id. 612.

The doctrine of estoppel does not prevail over the Statute of Frauds, nor can the doctrine be invoked unless the person injured cannot be placed in same position in which he stood before he invoked the doctrine.   There can be no estoppel against statute.   *Durkin* v. *People,* 155 Ill. 354; *County of Cook* v. *Chicago,* 158 id. 530.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Appellee, Augusta J. Dohm, the wife of appellee, William Dohm—the latter being the owner of the real estate in controversy—had no authority in writing to sign her husband's name to the written contract for the sale of the premises to the appellant, Mathias Koenig.

The main defense, made by the appellees against the specific performance of the contract in question, is that Mrs. Dohm, acting as agent for her husband William Dohm, had no such written authority, and that, therefore, the contract was void under the Statute of Frauds. Hence, the material question to be determined is, whether the defense, thus set up, is a good one under the facts of this case.

*First*—It is first insisted by the appellant, that the Statute of Frauds was not properly set up as a defense in the answer or answers. Where a contract is alleged to be invalid as being in violation of the Statute of Frauds, it is merely voidable, and may be enforced as made, unless the defendant takes advantage of the statute by setting it up as a defense either by demurrer, plea or answer. (*McClure* v. *Otrich*, 118 Ill. 320; *Esmay* v. *Gorton*, 18 id. 483). But, in pleading the Statute of Frauds, it is not necessary to make an express reference to the statute by its title, or otherwise. It is enough to state facts sufficient to show that the defendant seeks the protection of the statute; and the plea or answer, setting up the statute, should expressly aver that the contract or authority to make the contract was not in writing. (*Schoonmaker* v. *Plummer*, 139 Ill. 612; 9 Ency. of Pl. & Pr. pp. 713, 715; *Wright* v. *Raftree*, 181 Ill. 464). We think that, in the original and amended answers in this case, the Statute of Frauds is sufficiently pleaded to enable the appellees to avail themselves of its provisions.

Section 2 of the Statute of Frauds provides, that "no action shall be brought to charge any person upon any contract for the sales of lands * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person, thereunto by him lawfully authorized in writing, signed by such party." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1997). The original answer of the appellee, William Dohm, filed herein on May 3, 1902, con-

tains the following allegation: "that he has offered to return said $500.00 to Koenig, and notified him that he made no such bargain or agreement, nor did he authorize his wife, or Thekla Schwartz, or any other person, either orally or in writing, to make any bargain for the sale of the said real estate, but that Koenig declined and refused to accept the $500.00." The amended answer of appellee, William Dohm, filed on August 27, 1902, contains the following allegation: "That this defendant's wife, when she signed the said alleged contract for the sale of the property described in the bill, had no authority in writing from this defendant, nor memoranda thereof for the sale of said property."

While the Statute of Frauds is not expressly referred to in the above quoted allegations of the answers, yet the language used negatives the existence of the fact, required by the Statute of Frauds. The requirement of the statute is, that the "contract or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." The person, here signing the contract as agent for the owner, William Dohm, was Augusta J. Dohm, his wife, and it is stated, in substance, that she was not authorized by him in writing to make any contract for the sale of the land in question. To be sure, the word, "bargain," is used, but that word is broad enough in its meaning to include "contract." The word "bargain" is defined in Webster's Dictionary as "an agreement between parties concerning the sale of property; or a contract, by which one party binds himself to transfer the right to some property for a consideration, and the other party binds himself to receive the property and pay the consideration." "Bargain" is also there defined as "an agreement or stipulation of any kind."

*Second*—As has already been stated, there is no evidence to show, nor, indeed, is any claim made by the

appellant, that Mrs. Dohm had any authority in writing to sign a contract for the sale of the property in question. It is true that, when the written contract made with appellant was signed by Mrs. Dohm, the appellant handed to her a check, payable to the order of William Dohm, and, on the evening of the day on which the check was received, or on the morning of the next day thereafter, the appellee, William Dohm, endorsed the check. His endorsement, however, of his name upon the back of the check was no such note or memorandum in writing, as is required by the statute. In *Kopp* v. *Reiter*, 146 Ill. 437, where it appeared that the husband of the owner of a lot made a written contract for the sale of it without any written authority from his wife, and where it appeared that the purchaser made a payment of earnest money, amounting to $250.00, it was held that a deed to the purchaser, afterwards signed by the wife, which made no reference to the contract, and failed to express its terms, and which she deposited with her husband to be delivered on certain conditions, but which was destroyed without delivery, could not be regarded as such a memorandum or note of the original contract, as to take the case out of the Statute of Frauds. In *Kopp* v. *Reiter*, *supra*, the authorities were reviewed, and it was there held that, while no form of language is necessary in order to determine what sort of writing is sufficient to meet the requirements of the statute, if only the intention can be gathered, and that any kind of writing from a solemn deed down to mere hasty notes or memoranda in books, papers or letters would suffice, yet "that the writings, notes or memoranda must contain on their face, or by reference to others, the names of the parties, vendor and vendee, a sufficiently clear and explicit description of the property to render it capable of being identified from other property of like kind, together with the terms, conditions (if there be any,) and price to be paid, or other consideration to be given; and such writing, note or

memorandum must be signed by the party to be charged, or, if signed by an agent, the authority of such agent must be in writing, signed by the party to be charged, and the contract or memorandum or note thereof made by the agent must also be in writing, and signed by him." It was also further held in that case that, where a deed, executed by an owner of land and not delivered, is held to be a sufficient memorandum of a contract of sale under the statute, it will be found to contain or refer to the terms and conditions of the contract. It cannot be said that the mere endorsement of the name of William Dohm, the owner, upon the check, given for the earnest money, complies with the requirements of the statute as thus set forth. (See also Browne on the Statute of Frauds,— 5th ed.—sec. 354*b*).

*Third*—The mere fact, that the appellant, Koenig, paid the sum of $500.00 as earnest money, and that the same was accepted by the appellee, Dohm, is not sufficient to take the case out of the Statute of Frauds. The $500.00 was a part, and only a small part, of the purchase money agreed to be paid. It has been decided by this court that an oral sale of real estate may be taken out of the Statute of Frauds "by a payment of the purchase money, being let into possession, and the making of lasting and valuable improvements." (*Wright* v. *Raftree*, 181 Ill. 464; *Holmes* v. *Holmes*, 44 id. 168; *Ferbrache* v. *Ferbrache*, 110 id. 210; *Pond* v. *Sheean*, 132 id. 312). But whether or not it is necessary to go to the length of requiring all of these acts, to-wit, payment of the purchase money, possession, and valuable improvements, in order to constitute such a part performance of the contract as to justify a decree for specific performance, it is certainly true that a payment of the purchase money alone, without either possession or improvements, is not such a part performance, as to take the case out of the statute.

In *Temple* v. *Johnson*, 71 Ill. 13, referring to the general rule stated by Story in his work on Equitable Juris-

prudence, we said: "He says that, although formerly a payment of the purchase money was considered a sufficient part performance to take the case out of the statute, the rule is now otherwise settled, and in this he is fully sustained by the adjudged cases, both in the British and American courts." What was said upon this subject in *Temple* v. *Johnson, supra,* was subsequently approved in the case of *Pond* v. *Sheean,* 132 Ill. 312. (See also *Gorham* v. *Dodge,* 122 Ill. 528; *Morrison* v. *Herrick,* 130 id. 631.) In the case at bar, appellant did not take possession of the premises under the oral contract, nor make any improvement thereon. If, as is held in the cases cited, a court of equity will not decree the specific performance of a parol agreement to convey land where the purchaser has merely paid the purchase money without going into possession under the contract, it certainly cannot be held, that his payment of a small part of the purchase money is a sufficient part performance to take the case out of the statute.

*Fourth*—Appellant, however, in support of his contention, that he is entitled to a decree for specific performance in this case, invokes the doctrine of equitable estoppel. It is claimed that the appellee, Dohm, made false and fraudulent representations to Koenig as to his wife's authority to execute the contract, and that, inasmuch as appellant paid the earnest money and received the abstracts of title for examination in reliance upon these alleged false and fraudulent representations, appellee, Dohm, is estopped from denying the validity of the contract. There are cases, which hold that verbal sales of land are taken out of the Statute of Frauds by an application of the doctrine of equitable estoppel. But where this doctrine is applied, it is for the purpose of preventing the Statute of Frauds from being used for the perpetration of the frauds the statute was designed to prevent. (*Mills* v. *Graves,* 38 Ill. 455.) There must, however, be something more than the moral wrong of refus-

ing to be bound by a verbal agreement. A man, who makes an oral contract to sell land, and violates his agreement, and relies upon the Statute of Frauds in order to justify himself in its non-performance, may be guilty of a wrong in the domain of morals, but not of such a fraud as relieves against the application of the statute. In his work on Specific Performance of Contracts Pomeroy (p. 202,) says: "There must be some positive act of contrivance, deceit, false representation or concealment on the part of the defendant, by which the plaintiff is prevented from insisting upon or obtaining a written contract, or is induced to accept or rely upon a parol agreement in place of that required by the statute." We can see no reason why it should be regarded as any greater wrong in point of morals for a man to refuse to carry out a contract to sell or convey land, made by an agent having only verbal authority, than to refuse to perform an oral contract for the sale or conveyance of land, made by himself without the intervention of any agent.

We see nothing in the facts, presented by the present record, which justifies the appellant in invoking the doctrine of equitable estoppel, for the reason that there is nothing, which shows any positive act of fraud or false representation on the part of Dohm. He stated to Koenig that the latter should call upon his wife and mother-in-law; and that, if they were satisfied, the contract could be signed for him by his wife. Dohm was a butcher, and was obliged to be at his work during the whole of the day. The testimony shows that he went to his work as early in the morning as four o'clock, and was, therefore, unable to spend the time to attend to such a matter of business as this. He accordingly directed the appellant to go to his home, and see his wife and mother-in-law, and stated to him that, if they were satisfied, a contract could be made out, and his wife could sign it for him (Koenig.) He made no representation that his wife had any written authority from him to sign a con-

tract.   If his statement amounted to a representation that she had authority to sign a contract, it cannot be regarded, in view of the language used, as anything more than a statement that she had oral authority from him to sign it.   In the absence of false and fraudulent representation on the part of Dohm, the doctrine of equitable estoppel, in order to relieve against the Statute of Frauds, has no application here.   As is well said by Pomeroy in his work on Specific Performance of Contracts (p. 202): "The moral wrong in refusing to be bound by a verbal agreement, because it does not comply with the statute, is not the fraud intended by this equitable principle; if it were, the statute would be rendered entirely nugatory."

*Fifth*—Some stress is laid upon the fact, that Schwertfeger, when he took his contract and deed from appellees, had notice of the previous contract made with the appellant..  The proof does show that he had such notice, but, in view of what has been said, it makes no difference whether he had notice or not.   Notice, actual or constructive, of a contract, which is void under the Statute of Frauds, will not prevent the person, having such notice, from becoming a purchaser of the property from the original owner.   Where the owner may lawfully refuse to perform a contract, he may lawfully sell and convey to another, and, by so doing, repudiate the contract, and the purchaser from him will not be affected by the prior sale, rendered void by the Statute of Frauds. (*VanCloostere* v. *Logan,* 149 Ill. 588; *Wright* v. *Raftree,* 181 id. 464.)

We are of the opinion, for the reasons above stated, that the Statute of Frauds was correctly treated by the court below as a defense against the specific performance of the contract here involved.

Accordingly, there was no error in the decree, dismissing the bill for want of equity; and that decree is affirmed.                                *Decree affirmed.*