FRANCIS M. CAMP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16618.   Promulgated December 29, 1930.

*Stanley S. Waite*, *Esq.*, *Albert G. Webber*, *Esq.*, and *Abraham Lowenhaupt*, *Esq.*, for the petitioner.
*O. J. Tall*, *Esq.*, for the respondent.

964

OPINION.

TRUSSELL: There is no controversy as to the amount of $3,648.80 as representing the profit derived from the sale of 79.84 acres of land in 1920. The only issue is whether this petitioner still owned the said land in 1920, or whether he made a valid sale thereof to his son Samuel in 1918.

The respondent contends that the sale of said land by petitioner to his son Samuel comes within the operation of the statute of frauds; that there being no written agreement nor payment made on the purchase price to take the transaction out of the statute, the sale was void; and that there being no valid sale to the son in 1918 and the petitioner having executed the deed to the subsequent purchaser, Nottleman, and received the consideration in 1920, the profit derived was income to petitioner.

It is well settled in Illinois that a verbal contract respecting land or a verbal sale of land is not void, but merely voidable only at the instance of the parties to such transaction or their privies, *Pasquay* v. *Pasquay*, 235 Ill. 45; 85 N. E. 316; *Koenig* v. *Dohm*, 209 Ill. 468; 70 N. E. 1061; *Kelley* v *Kendall*, 118 Ill. 650; 9. N. E. 261; that the defense of the statute of frauds is a personal defense of the parties to the transaction and third persons may not object to the parties themselves being bound by the transaction, *Pasquay* v. *Pasquay*, *supra; King* v. *Bushnell*, 121 Ill. 656; 13 N. E. 245; *Singer* v. *Carpenter*, 125 Ill. 117; 17 N. E. 761; and, further, that upon the execution of the contract or completion of the transaction it is taken out of the operation of the statute of frauds, *White* v. *White*, 231 Ill. 298; 83 N. E. 234; *Jones* v. *Jones*, 281 Ill. 595; 117 N. E. 1013; *Cleveland, C. C. & St. L. Ry. Co.* v. *Wood*, 189 Ill. 352; 59 N. E. 619,

In the instant case the uncontradicted testimony establishes that in 1918 the petitioner made a bona fide verbal sale of the land in question; that such sale was at all times recognized by both parties, the son having immediately taken possession and retained the profits from the land; that in 1920 the petitioner continued to abide by his verbal transaction and recognized his son as the owner of the land in question; that the son Samuel agreed to sell his land in 1920 at $200 per acre; and that after the sale to Nottleman in 1920, there was an accounting between petitioner and his son whereby petitioner received the cost of the land to him and after tendering the profit to his son, he received such money from his son for the express purpose of crediting Samuel's indebtedness for loans made by petitioner.

The respondent had no interest in the premises and was not in privity with either of the parties at the time the sale was made, and therefore he is in no position to interpose any objection to the petitioner and his son being bound by their oral transaction which they completed to their own satisfaction during the taxable year 1920.

We are of the opinion that at the time of the sale to Nottleman in 1920 the land in question was the property of Samuel; that he sold his interest in the land in 1920; and that the profit derived was income to him and therefore, that the respondent erred in including the amount of $3,648.80 in this petitioner's income for the year 1920. Cf. *Alfred T. Wagner*, 17 B. T. A. 1030.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*