## Frank Mladich, Plaintiff in Error, v. Thomas McEneely, Defendant in Error.

### Gen. No. 23,993.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when error to strike out amended statement of claim without plea or affidavit of merits.* Where it is contended by the defendant, in an action in the Municipal Court of Chicago for an alleged breach of contract for the sale of real estate, that plaintiff's action will not lie because of the Statute of Frauds, it is error for the court, on such ground, to strike out an amended statement of claim making out a prima facie case, without a plea or affidavit of merits being filed by defendant.

2. FRAUDS, STATUTE OF, § 69*—*what is sufficient memorandum relating to sale of realty.* The requirements of the Statute of Frauds as to a contract for the sale of real estate are met by a memorandum signed by a third person acknowledging the receipt from the purchaser of a specified sum to be paid on the specified purchase price of certain described premises to the seller as soon as the abstract is examined, and providing that the balance is to be paid when the deed is passed, and by a memorandum indorsed on the written memorandum and dated 19 days later, by which the seller, over his signature, acknowledges receipt of the payment of a certain sum of money.

3. FRAUDS, STATUTE OF, § 82*—*what is function of.* It is the function of the Statute of Frauds to prevent certain unwritten agreements from being legally binding.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. FRAUDS, STATUTE OF, § 62*—*when memorandum relating to sale of realty is sufficient.* The facts recited in a memorandum, taking a contract for the sale of real estate out of the Statute of Frauds, need not be set forth in any formal or logical order, and it is sufficient if all the necessary elements are present, in writing.

Error to the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Reversed and remanded. Opinion filed November 6, 1918.

HARRY C. LEEMON, for plaintiff in error.

THOMAS J. YOUNG, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Frank Mladich, the plaintiff, brought suit in the Municipal Court against Thomas McEneely, the defendant, for damages for an alleged breach of a contract for the sale of certain real estate. On September 11, 1917, the plaintiff filed a statement of claim. Subsequently, on motion of the defendant, that statement of claim was stricken, and on November 21, 1917, the plaintiff filed an amended statement of claim. The latter precipitates the issues involved. No plea nor affidavit of merits was filed.

The amended statement of claim is as follows:

"Plaintiff alleges: That July 7, 1917, the plaintiff, Frank Mladich, agreed to buy and the defendant, Thomas McEneely, agreed to sell, for the sum of $1,550, the following described property, to wit: Lot 17 in Block 60 in that certain subdivision made by the Calumet and Chicago Canal and Dock Company, of parts of fractional Sections five and six, Township 37 North, Range 15 East of the Third Principal Meridian, in Chicago, Cook county, Illinois.

"That plaintiff agreed to pay for examination of abstract and preparation of deed, and agreed to deposit in escrow on account the sum of $250, which sum

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was to be applied on the purchase price when the abstract was examined and found merchantable, and agreed to pay the balance of $1,300 on delivery of deed. That the defendant agreed to furnish abstract brought down to date and a good and merchantable title to the real estate, and it was agreed between the parties that neither one was to pay any real estate commissions.

"That parties went together to the office of Harry C. Leemon, who agreed to act. That plaintiff handed Harry C. Leemon $250 to be held in escrow. That defendant handed said Harry C. Leemon an incomplete abstract, and asked him to have the Chicago Title and Trust Company bring same down to date. That parties asked for a memorandum of the agreement, which Harry C. Leemon drew up, and handed each of the parties a copy as follows:

"'Chicago, July 7th, 1917. Received of Frank Mladich the sum of two hundred and fifty dollars to be applied on the payment of $1,550.00 for property known as Lot 17 in Block 60 in that certain subdivision made by the Calumet and Chicago Canal and Dock Company of parts of fractional Sections five and six, Twp. 37 North, Range fifteen East of the 3rd Principal Meridian, to Thomas McEneely as soon as abstract is examined and passed, balance of purchase price to be paid when the deed is passed. H. C. Leemon.'

"That July 26, 1917, defendant asked plaintiff for a payment on account and plaintiff handed defendant $50, which defendant credited on the written memorandum as follows:

"'July 26-17. By cash $50.00. Thomas McEneely.'

"That thereafter defendant recovered his abstract from the Chicago Title and Trust Company; he refused to have the same brought down to date; he refused to furnish a signed deed; he informed plaintiff he would not comply with his contract, or go on with it; he returned plaintiff a post office money order for $50 paid him July 26, 1917, which plaintiff holds subject to orders of defendant.

"That, notwithstanding, plaintiff has at all times been ready, willing and able to carry out all the terms

of his contract and has offered to do so, but the defend-. ant has utterly refused to go on with his contract, to the damage of plaintiff in the sum of one thousand and one dollars ($1,001.00). Harry C. Leemon, Attorney for Plaintiff.''

The trial was before the court without a jury, and on the motion of the defendant the court, ''being of the opinion that the plaintiff's cause of action would not lie under the Statute of Frauds and Perjuries,'' entered an order striking the plaintiff's amended statement of claim from the files and dismissing the suit at the plaintiff's costs.

The question arises whether the statement of claim states a cause of action. It alleges that the plaintiff agreed to buy and the defendant agreed to sell for the sum of $1,550, a certain piece of real estate; that a certain sum of money was deposited in escrow which was to be applied on the purchase price when the abstract was examined and found merchantable, and that the balance of $1,300 was to be paid on the delivery of the deed. Also, it recites, verbatim, the contents of a memorandum, part of which was written on July 7, 1917, and part of which was written on July 26, 1917, and then alleges that the defendant refused to carry out the alleged contract, although he, the plaintiff, has at all times been ready and willing to carry it out.

Inasmuch as this is a suit for damages for breach of contract and as a contract—even though not in writing —for the sale of real estate is merely voidable, and as the statement of claim made out a prima facie case, it was error for the trial court on motion of the defendant, without plea or affidavit of merits, to strike the second amended statement of claim. ''Where a contract is alleged to be invalid as being in violation of the Statute of Frauds, it is merely voidable, and may be enforced as made, unless the defendant takes advantage of the statute by setting it up as a defense either by demurrer, plea or answer.'' *Koenig v. Dohm,* 209 Ill. 468.

But even though the Statute of Frauds had been pleaded, we are of the opinion that the memorandum of July 7, 1917, together with the memorandum, "July 26-17. By cash $50.00. Thomas McEneely," sufficiently fulfil the requirements of the Statute of Frauds. The memorandum dated July 7, 1917, taken together with that of July 26, 1917, must be looked upon as one instrument; that of July 26, 1917, being, from its nature, a ratification and adoption of the one of July 7, 1917. The fact that the memorandum of July 26, 1917, was not made until 19 days after the original memorandum of July 7, 1917, does not prevent it from being considered as a compliance with the statute. It is sufficient if the memorandum is executed at any time subsequently to the making of the contract and prior to the date when action is brought.

When the defendant wrote the words "July 26-17. By cash $50.00. Thomas McEneely," it is only reasonable to assume that it was his intention, then, not only to have them considered as evidence of the payment of part of the purchase price, but as evidence that the terms of the contract were as set forth in the accompanying memorandum, and that the latter was authentic and admittedly binding on him. As to the original memorandum of July 7, 1917, which according to the amended statement of claim was drawn up by Harry C. Leemon, and a copy of which was given to each of the parties, it may be doubtful whether that would be sufficient by itself to bind the defendant under the Statute of Frauds. Of course, it did not contain the signature of the defendant, nor does the statement of claim show that Harry C. Leemon was authorized in writing to execute that memorandum. When, subsequently, however, defendant himself wrote on that memorandum the words "July 26-17. By cash $50.00. Thomas McEneely," there was then a writing, signed by the defendant, which had but one meaning, and that meaning was to be reached only by considering all the

contents of that paper or memorandum. The words "By cash $50.00" would be meaningless unless understood as relating to and ratifying and adopting all the words of the memorandum of July 7, 1917, part of which expressed, e. g., the price of the property as being $1,550. His obligation of $1,550 was reduced to the extent of $50. That is what he wrote and that is what he must be considered as having intended. It is the function of the Statute of Frauds to prevent certain unwritten agreements from being legally binding. *Clinan v. Cook*, 1 Sch. & Lef. 22; Browne, on the Statute of Frauds, sec. 344. The facts recited need not be set forth in any formal or logical order. It is sufficient if all the necessary elements are present, in writing. And the signature "may be at the top, or in the body, of the memorandum as well as at the foot." Browne, Statute of Frauds, sec. 357. If it is so placed as to show it was the intention of the signer to admit his liability upon the contract, it is sufficient.

As the statement of claim stated a good cause of action it should not have been stricken.

For the error above mentioned, the judgment is reversed.

*Reversed and remanded.*